J. NEWELL PATTERSON AND WIFE, OSSIE P. PATTERSON v. ROSS A. BUCHANAN AND WIFE, FRANCES D. BUCHANAN.

(Filed 23 July, 1965.)

**1. Trial § 33—**

Mere statement of the contentions of the parties is not sufficient, but the trial court is required to explain the law to the jury and apply it to the variant factual situations presented by the evidence.

**2. Appeal and Error § 34—**

The record must disclose the filing date of every pleading, motion, affidavit, or other document included in the transcript. Rule of Practice in the Supreme Court No. 19(1).

APPEAL by plaintiffs from *Sink, E. J.,* December 14, 1964 Civil Session of HARNETT.

Action of trespass to try title. Plaintiffs allege that since 1936 they have owned and been in possession of the land described in the complaint; that in 1962 defendants trespassed upon their lands and "planted a crop without authorization." They seek to recover damages in the amount of $60.00. Defendants deny plaintiffs' title and allege that they own the property in controversy. They plead title by adverse possession for 20 years and under color of title for 7 years by themselves and those under whom they claim.

Plaintiffs' evidence tends to show: Plaintiffs and defendants are adjoining landowners who derive title from a common source, W. D. Patterson, the grandfather of male plaintiff and the great-grandfather of male defendant. In 1905, W. D. Patterson conveyed a tract of approximately 50 acres to his daughter, Callie Buchanan, and husband. This deed was duly recorded. In 1916, W. D. Patterson conveyed a tract of

approximately 78.35 acres to his son, W. M. Patterson. This deed was duly recorded. These two deeds conveyed contiguous tracts, with a lappage of 3.1 acres. Defendants claim through Callie Buchanan and husband; plaintiffs, through W. M. Patterson. The lappage consists of 1.4 acres of woodland and 1.7 acres of cleared land. Until 1936 W. M. Patterson tended the land now in dispute. At that time male plaintiff was 25 years old, and the lappage had been cleared since he was a very small boy. In 1936, male plaintiff's father acquired the 78.35-acre tract by a commissioner's deed, and, the same year he conveyed the land to male plaintiff. Male plaintiff himself planted the land from 1936 until 1962. Between 1916 and 1962, neither male defendant nor those under whom defendants claim ever tended the lappage. In 1962, defendant planted and harvested a corn crop on it. In 1963, he planted another crop, but plaintiff "disced it up." Neither party attempted to plant the lappage in 1964.

The record does not disclose how or when defendants acquired the 21.1-acre tract which is described by metes and bounds in the answer and which they allege they own. The description refers to a map dated January 6, 1961. It is, however, a part of the 50-acre tract conveyed by W. D. Patterson to Callie Buchanan, male defendant's grandmother, on March 2, 1905.

Defendants offered no evidence, and they made no motion for nonsuit.

The jury answered the first issue, with reference to the title to the lappage, against plaintiffs. From a judgment that plaintiffs have and recover nothing of defendants, plaintiffs appeal, assigning errors in the charge.

*Wilson, Bain & Bowen for plaintiff appellants.*
*Morgan, Williams and DeBerry for defendant appellees.*

PER CURIAM. Defendants have the senior paper title to the disputed land. Plaintiffs, however, claim title to it as a result of adverse possession for 7 years under color of title, G.S. 1-38, and also for 20 years, G.S. 1-40, yet they do not plead these statutes.

Plaintiffs assign as error the following portion of his Honor's charge:

"He (plaintiff) contends that from all of the circumstances you should accept his contentions with respect to what happened and so accept them by the greater weight of the evidence. And, that phrase merely means that evidence outweighing any to the con-

trary. If you shall so find you will answer the first issue 'Yes,' and if you were to fail to so find in that manner you would answer 'No,' and the defendant contends that you should."

The assignment must be sustained. Here, and throughout the charge, his Honor overlooked the requirement of G.S. 1-180 that the judge "shall declare and explain the law arising on the evidence in the case. . . ." A mere statement of the contentions of the parties does not suffice. *Therrell v. Freeman*, 256 N.C. 552, 124 S.E. 2d 522. The judge at no time explained the law as it applies to a lappage, *Whiteheart v. Grubbs*, 232 N.C. 236, 60 S.E. 2d 101; *Currie v. Gilchrist*, 147 N.C. 648, 61 S.E. 581, nor did he attempt to apply that law to the evidence in the case.

The complaint in this action was verified May 4, 1962; the answer, "November ...., 1962." The record contains no other clue as to when this action was instituted or the pleadings filed. The attention of the Bar is once again directed to Rule 19(1) as amended January 1, 1964, which requires, *inter alia*, that the filing date of every pleading, motion, affidavit, or other document included in the transcript on appeal shall appear. See 259 N. C. 753.

For the reason stated there must be a
New trial.