## WOODROW W. OLIVER v. VIRGIL T. WILLIAMS and THOMPSON-ARTHUR PAVING COMPANY.

(Filed 2 March, 1966.)

**1. Appeal and Error § 34—**

The record must show the filing date of every pleading, motion, affidavit, or other document in the transcript. Rule of Practice in the Supreme Court No. 19(1).

**2. Appeal and Error § 11—**

Where the unaccepted to findings of the trial court disclose that plaintiff did not note an appeal at the trial and that plaintiff did not file notice of appeal until 12 days after the rendition of the judgment, G.S. 1-279, G.S. 1-280, the Supreme Court obtains no jurisdiction of the purported appeal, and will dismiss it upon motion in writing entered at or before the argument of the appeal on its merits. Rules of Practice in the Supreme Court Nos. 16 and 36.

MOORE, J., not sitting.

PLESS, J., and RODMAN, E.J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Gambill, J.,* 29 March 1965 Civil Session of GUILFORD, Greensboro Division. Docketed and argued as Case No. 704, Fall Term 1965, and docketed as Case No. 690, Spring Term 1966.

Civil action to recover damages for personal injuries allegedly caused by the actionable negligence of the individual defendant in the operation of a truck owned by the corporate defendant, the individual defendant being an employee of the corporate defendant and at the time acting in furtherance of his employer's business.

Defendants in their joint answer denied they were negligent, and pleaded conditionally contributory negligence of plaintiff as a bar to any recovery by him.

Plaintiff and defendants offered evidence, and their counsel made arguments to the jury. The court charged the jury, and the jury retired to the jury room with the issues submitted to it. About thirty minutes thereafter the jury returned to the jury box in the courtroom, and handed to the court the issues submitted to it. The sheet of paper containing the issues and the jury's answers thereto was folded. As the court was unfolding the sheet of paper, and before it saw the jury's answers to the issues, counsel for plaintiff stated plaintiff takes a voluntary nonsuit. The court stated to plaintiff's counsel that it would not permit him to do so. Plaintiff excepted. The court then unfolded the sheet of paper and read the issues and the jury's answers thereto to the jury, and asked if that was their verdict. The jury replied in the affirmative. The jury's

verdict was that plaintiff was injured by the negligence of the defendants, as alleged in the complaint; that plaintiff contributed to his injuries by his own negligence, and left unanswered the issue of damages. Whereupon, the court on Friday, 9 April 1965 signed a judgment based on the verdict that plaintiff recover nothing from defendants and taxing him with the costs.

Plaintiff did not except to the judgment and did not appeal to the Supreme Court in open court. On Saturday, 17 April 1965, plaintiff's counsel delivered to defendants' counsel a copy of a paper writing designated "Exceptions and Appeal Entries," and defendants' counsel accepted service of this paper writing on the same day. This paper writing had nothing on it to indicate that it or the original of it had ever been filed in the office of the clerk of the Superior Court of Guilford County. The record before us does not show when plaintiff's paper writing designated "Exceptions and Appeal Entries" was filed in the office of the clerk of the Superior Court of Guilford County. On 30 April 1965 defendants' counsel accepted service of case on appeal prepared by plaintiff's counsel.

*Cahoon & Swisher; J. Owen Lindley for plaintiff appellant.*
*Smith, Moore, Smith, Schell & Hunter by Stephen Millikin for defendant appellee.*

PARKER, C.J. Argument in this case in the Supreme Court was calendared for Friday, 26 November 1965.

At 11:48 a.m. on 9 November 1965 defendants filed in the office of the Clerk of the Supreme Court a petition for a writ of *certiorari* for leave to file a complete certified copy of plaintiff's document entitled "Exceptions and Appeal Entries" of which defendants accepted service on 17 April 1965, but which defendants allege in fact was not filed in the office of the clerk of the Superior Court of Guilford County until 21 April 1965. Attached to the petition is a complete copy of said document verified by the clerk of the Superior Court of Guilford County showing on its face the following words: "Filed '65 Apr. 21 PM 4:52. J. P. Shore, CSC, By...............
Deputy."

On the same date and at the same time defendants filed in the office of the Clerk of the Supreme Court a written motion to dismiss plaintiff's appeal under Rules of Practice in the Supreme Court. Rules 16 and 36, 254 N.C. 783, 793, 817, on the ground that notice of appeal was not given in apt time as required by G.S. 1-279 and G.S. 1-280, and that plaintiff did not file his assignments of error in time.

At 8:35 a.m. on 26 Novmeber 1965 plaintiff filed in the office of the Clerk of the Supreme Court a reply to defendants' motion to dismiss his appeal and to defendants' petition for a writ of *certiorari* verified by J. Owen Lindley, of counsel for plaintiff. In this verified reply Lindley makes the following averments: On Saturday, 17 April 1965, Robert S. Cahoon, of counsel for plaintiff, delivered to Stephen Millikin, of counsel for defendants, a copy of plaintiff's "Exceptions and Appeal Entries," and Millikin accepted service of same as shown in the record. On the same day Cahoon delivered the original of plaintiff's "Exceptions and Appeal Entries" to him with the request that he file this document in the office of the clerk of the Superior Court of Guilford County when it opened on Monday, 19 April 1965. He delivered the original of plaintiff's "Exceptions and Appeal Entries" to a deputy clerk at the window designated for receiving such documents in the office of the clerk of the Superior Court, with the request that the same be filed and entered on the judgment docket. He does not have a present recollection which particular lady at the window received this document for filing. This document was filed in apt time, and defendants should not be entitled to take advantage of some clerical delay in stamping the filing date of the document in the office of the clerk of the Superior Court of Guilford County. A careful reading of the verified reply by Lindley shows that he did not state therein that he actually filed this document in the office of the clerk of the Superior Court of Guilford County on Monday, 19 April 1965.

The Court in conference entered an order allowing defendants' petition for a writ of *certiorari,* and on 6 December 1965 entered an order remanding the matter to the Superior Court of Guilford County, Greensboro Division, for the presiding judge to hold a hearing, after due notice to counsel, and from the evidence adduced before him to find facts with particularity as to when plaintiff filed his "Exceptions and Appeal Entries" in the office of the clerk of the Superior Court of Guilford County, and caused his appeal to be entered by the clerk on the judgment docket, and notice thereof to be given to defendants, and to file with this Court his order entered after such hearing.

The hearing was held by the Honorable Eugene G. Shaw, Resident Judge of the Superior Court residing in the city of Greensboro, and presiding judge at all times relevant to this hearing. Judge Shaw's order was entered on 18 February 1966, filed in the office of the clerk of the Superior Court of Guilford County on the same date, and filed in this Court on 21 February 1966. This is a summary of the material facts stated in his order: He issued a written notice to plaintiff's and defendants' counsel of record stating that

a hearing as ordered by the Supreme Court, a copy of which order was attached to the notice, will be held in the courtroom of the Superior Court in the city of Greensboro at 1:30 p.m. on 3 January 1966. Acceptance of service of such order was made by plaintiff's and defendants' counsel of record. At the hearing Robert S. Cahoon and J. Owen Lindley were present representing plaintiff, and Stephen Millikin was present representing defendants. Plaintiff offered as evidence the testimony of Stephen Millikin, of Joseph P. Shore, clerk of the Superior Court of Guilford County, of J. Owen Lindley, and of Robert S. Cahoon. Defendants offered as evidence the testimony of the aforesaid Joseph P. Shore, of Shore's sixteen deputy and assistant clerks employed in his office during April 1965, whose names are recited in the order, of Stephen Millikin, of defendant Williams, of Charlie Shaw, an official of the corporate defendant, the original court file on record in the clerk's office, a copy of the case on appeal in the Supreme Court, and a transcript of the evidence taken at the trial of the case prepared by the court reporter. From the evidence presented before him, Judge Shaw made the following findings of material facts: Judgment was entered in the instant case on 9 April 1965, as appears in the record on appeal. Plaintiff did not take an appeal at the trial or during the session of court during which the instant case was tried; that J. Owen Lindley testified that about 10 a.m. on Monday, 19 April 1965, he handed plaintiff's paper writing designated "Exceptions and Appeal Entries" through the main window in the clerk's office to one of the lady assistants or deputy clerks working there, but he did not have the "remotest idea" who this lady was; that throughout the entire day of Monday, 19 April 1965, according to the testimony of the clerk Shore and of deputy clerk Betty Withers, the office of the clerk of the Superior Court of Guilford County was closed and locked, by reason of the fact that Monday, 19 April 1965, was Easter Monday, a legal holiday. The court finds as a fact that plaintiff's paper writing designated "Exceptions and Appeal Entries" was not filed in the clerk's office on Monday, 19 April 1965, because the court cannot and does not accept Lindley's testimony as true that the paper writing designated plaintiff's "Exceptions and Appeal Entries" was filed in the clerk's office on Monday, 19 April 1965. The office of the clerk of the Superior Court in Greensboro was open on Tuesday, 20 April 1965. The paper writing designated plaintiff's "Exceptions and Appeal Entries" in the instant case was not filed or entered in the office of the clerk of the Superior Court of Guilford County until 4:52 p.m. on Wednesday, 21 April 1965, at which time plaintiff caused his appeal to be entered by the clerk on the judgment docket, and that the original paper writing designated

OLIVER *v.* WILLIAMS.

plaintiff's "Exceptions and Appeal Entries" has stamped on it by the machine located in the main office of the clerk these words: "Filed '65 Apr. 21 PM 4:52. J. P. Shore, CSC, By.............. ...........Deputy," which is the true time it was filed. There are no exceptions to Judge Shaw's findings of fact.

G.S. 1-279 provides in relevant part: "The appeal must be taken . . . from a judgment rendered in term within ten days after its rendition, unless the record shows an appeal taken at the trial, which is sufficient. . . ." G.S. 1-280 provides: "Within the time prescribed in § 1-279, the appellant shall cause his appeal to be entered by the clerk on the judgment docket, and notice thereof to be given to the adverse party unless the record shows an appeal taken or prayed at the trial, which is sufficient."

The case on appeal shows affirmatively that plaintiff did not take or pray an appeal at the trial. Plaintiff's "Exceptions and Appeal Entries," as set forth in the case on appeal, has nothing on it to indicate when it was filed in the office of the clerk of the Superior Court of Guilford County. The Bar's attention is again directed to Rule 19(1) as amended 1 January 1964, 259 N.C. 753, of Rules of Practice in the Supreme Court, which requires, *inter alia,* that the filing date of every pleading, motion, affidavit or other document in the transcript on appeal shall appear. *Patterson v. Buchanan,* 265 N.C. 214, 143 S.E. 2d 76.

Judge Shaw's findings of fact in his order show affirmatively that the judgment in the instant action was entered on Friday, 9 April 1965, that plaintiff did not take or pray an appeal at the trial, and that plaintiff took an appeal from the judgment on 21 April 1965, twelve days after it was rendered, and not within ten days as required by G.S. 1-279, and that plaintiff caused his appeal to be entered by the clerk on the judgment docket twelve days after the judgment was rendered, and not within ten days as required by G.S. 1-280.

When the requirements of G.S. 1-279 and G.S. 1-280 are not complied with, as here, the Supreme Court obtains no jurisdiction of a purported appeal and must dismiss it. *Walter Corporation v. Gilliam,* 260 N.C. 211, 132 S.E. 2d 313; *Aycock v. Richardson,* 247 N.C. 233, 100 S.E. 2d 379; *Mason v. Moore County Board of Com'rs.,* 229 N.C. 626, 51 S.E. 2d 6. Defendants made their motion in writing to dismiss the appeal in the instant case for noncompliance with the requirements of G.S. 1-279 and G.S. 1-280 in perfecting the appeal, at or before entering upon the argument of the appeal upon its merits, as required by Rule 16 and Rule 36, Rules of Practice in the Supreme Court, 254 N.C. 783, 793, 817.

Appeal dismissed.

MOORE, J., not sitting.

PLESS, J., and RODMAN, E.J., took no part in the consideration or decision of this case.