BARBARA H. WILLIS v. ABRAM L. WILLIS
No. 68DC192

(Filed 14 August 1968)

**Divorce and Alimony § 23; Contempt of Court § 6— wilful failure to comply with support order — sufficiency of findings**

A finding that defendant possessed the means to comply with an order for payment of child support during the time of his alleged delinquency is necessary to support the court's conclusion that the failure to make the payments was deliberate and wilful, and in the absence of such finding the decree committing him to prison for contempt must be set aside.

APPEAL by defendant from *Lee, J.,* 8 February 1968 Session, District Court, DURHAM County.

This matter was heard upon a motion filed in the cause by plaintiff and an order to show cause issued 24 November 1967 why defendant should not be held in contempt of court for failure to comply with an order of the Durham County Civil Court dated 23 December 1965 providing support in the amount of $70.00 per month for his infant daughter. The record discloses that the matter was set for hearing 8 December 1967 and was continued, at defendant's request, five times. Two of the continuances were requested due to inclement weather. When the matter was heard on 8 February 1968, defendant did not appear but was represented by counsel. From the verified pleadings, affidavits and evidence presented by plaintiff and defendant, the court found facts and based thereon, adjudged defendant in contempt of court and ordered him to pay to plaintiff $420.00, the amount in arrears, by 29 February 1968; otherwise, to be taken into custody and placed in jail until such time as he had purged himself of his contempt. From the order, defendant appealed.

*Gus Davis for defendant appellant.*

*Hofler, Mount & White by Richard M. Hutson, II for plaintiff appellee.*

MORRIS, J.

The court found as facts that defendant is a single, thirty-two year old man experienced in and trained as a paint foreman; that he has proven his ability to earn in excess of $90.00 per week in his trade as established by his former employers; that he has no dependents other than his minor daughter, lives with his father who is in the retail seafood business at Salter Path, N. C.; that defendant is not seeking employment but is apparently assisting his father in his business for which he is paid an undisclosed amount; that de-

fendant apparently has an interest in a 73 foot oil screw named "Delores", owned by his father, as evidence disclosed he is personally responsible for part of its financing; that defendant is the owner of and in possession of a 1966 Ford automobile upon which installment payments are $91.31 per month.

Upon these facts the court further found that defendant had willfully failed to comply with the terms of the 23 December 1965 order and "is in contempt of this court". Defendant was ordered to pay the arrearage of $420.00 by 29 February 1968, and if he failed to do so, "the Sheriff of Carteret County is ordered to take the defendant, Abram L. Willis, into custody and deliver him to the Sheriff of Durham County to be placed in the common jail of Durham County until such time as defendant has purged himself of his contempt."

> "The findings of fact by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence, *Cotton Mill Co. v. Textile Workers Union,* 234 N.C. 545, 67 S.E. 2d 755, and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment. *In re Adams,* 218 N.C. 379, 11 S.E. 2d 163." *Rose's Stores v. Tarrytown Center,* 270 N.C. 206, 211, 154 S.E. 2d 313.

In order to hold defendant in contempt for failure to pay the sums required by the 23 December 1965 order, there must be particular findings that defendant possessed the means to comply with the order *during the time of his alleged delinquency. Yow v. Yow,* 243 N.C. 79, 89 S.E. 2d 867. This is so because a failure to abide by the terms of a court order cannot be punished by contempt proceedings unless the failure is willful, which imports knowledge and a stubborn resistance. *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391.

In *Mauney v. Mauney, supra,* the facts found were these:

> "(T)he defendant 'is a healthy, able bodied man, 55 years old, presently employed in the leasing of golf carts and has been so employed for many months; that he owns and is the operator of a Thunderbird automobile; that he has not been in ill health or incapacitated since the date of Judge Latham's order entered on the 5th day of October, 1964; that the defendant has the ability to earn good wages in that he is a trained and able salesman, and is experienced in the restaurant business; and has been continuously employed since the 5th day of October, 1964; that since October 5, 1964, the defendant has not made any motion to modify or reduce the support payments.' "

Our Supreme Court held that these findings were not sufficient to support the conclusion that defendant's conduct was willful and deliberate and in contempt and said ". . . the court must find not only failure to comply but that the defendant presently possesses *the means* to comply."

For the same reasons the judgment here is deficient and must be set aside and the case remanded for further hearing and findings of fact.

Error and remanded.

CAMPBELL and BRITT, JJ., concur.