MARTHA P. PEOPLES v. LINWOOD T. PEOPLES

No. 7014DC86

(Filed 27 May 1970)

**1. Courts § 14; Divorce and Alimony § 21— alimony order entered in superior court — contempt authority of district court**

A district court judge has authority to hold a party to a proceeding before him in civil contempt for failure to comply with court orders issued pursuant to a confession of judgment regarding payment of alimony which was entered in the superior court prior to the establishment of a district court for the district in which the order was entered.

**2. Courts § 14; Venue § 9— overturning district court order entered in improper division**

No order of the district court may be overturned merely because it was not the proper division of the General Court of Justice to enter the order. G.S. 7A-242.

**3. Appeal and Error § 24; Courts § 14; Venue § 9— authority of district court to enter contempt order — failure to make timely objection**

Appellant's attack on authority of district court to enter order holding him in contempt for failure to comply with an alimony consent order entered in the superior court must fail where there is no showing in the record that he entered timely objection to the jurisdiction or venue of the district court. G.S. 7A-257.

**4. Divorce and Alimony §§ 19, 21— alimony order — pendency in district court**

An order for the payment of alimony is not a final judgment, since it may be modified upon application of either party; thus, an action for alimony would continue to be "pending" in the court of proper jurisdiction, which is now the district court. G.S. 7A-244.

**5. Divorce and Alimony § 21— failure to comply with alimony order — contempt of court — possession of means to comply**

In order to hold defendant husband in contempt for failure to comply with a provision of a consent judgment for payment of alimony to plaintiff wife, the trial judge must make particular findings that defendant possessed the means to comply with such provision.

**6. Divorce and Alimony § 21— possession of means to comply with alimony order — sufficiency of evidence to support finding of fact**

Finding by the district court that defendant husband possessed the means and ability to comply with consent judgment requiring payment of alimony to plaintiff wife was amply supported by evidence of defendant's income and indebtedness.

APPEAL by defendant from *Lee, District Judge*, 28 May 1969 Session of the General Court of Justice, District Court Division, DURHAM County.

The defendant appellant Linwood T. Peoples (Peoples) entered into a Confession of Judgment on 23 March 1966 in the Durham County Superior Court regarding the support of his estranged wife, Martha Perdue Peoples (Mrs. Peoples). Judgment was entered by the Clerk on 4 May 1966 as follows:

"Upon the foregoing Confession of Judgment, it is now, THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover of the defendant as follows:

1. That defendant will pay toward the support of Martha Perdue Peoples each month so long as she remains unmarried an amount equal to 1/12 times 25% of my adjusted gross income as shown on the Federal Income Tax Return of defendant for the previous year. Defendant shall present his income tax return to plaintiff or her attorney for the purpose of computation of the monthly amount no later than April 30th of each year; provided that in no event shall the monthly amount be less than Seventy Dollars ($70.00) per month. That the payments shall be made before the tenth of each month beginning April, 1966.

2. That the defendant shall in addition to number one above, pay any hospital and medical expense excluding medicines, over what is paid for by hospital insurance. Plaintiff will keep in force a hospital insurance policy.

This the 4th day of May, 1966.

ROSE F. CATES, Ass't.
Clerk of the Superior Court"

An affidavit and a motion were filed by the plaintiff, Mrs. Peoples, in Durham County Superior Court on 6 May 1968 reciting that Peoples was then $641.04 in arrears in payments pursuant to the judgment of 23 March 1966; that he had tendered to her a check for $480.78 which was returned twice marked "Not sufficient funds"; that he had been late in making the payments that had been made to the plaintiff; that he had failed to supply Mrs. Peoples with his 1966 and 1967 income tax returns and that he had never paid any of her medical bills. She further recited that he was an attorney at law and a candidate for District Judge and was well able to meet his obligations under the Confession of Judgment. She prayed the Court to order him to appear and show cause why he should not be held in contempt for failure to comply with the terms of the judgment.

An order was signed by Superior Court Judge C. W. Hall on 6 May 1968 transferring the case to the District Court Division of the General Court of Justice in Durham County, since it appeared that that was the "proper division." District Court Judge E. Lawson Moore then issued a show cause order on 6 May 1968 setting a hearing for 16 May 1968. It was served on Peoples on 7 May 1968 by the Sheriff of Vance County.

The defendant filed an affidavit and motion reciting that he had not willfully failed to comply with the order. He related that conditions had materially changed since the Confession of Judgment in that he had remarried and now had his new wife and four children to support. He alleged that his present income was insufficient to "provide for his family and make the payments" to Mrs. Peoples. Peoples asked that he be given additional time to make up arrearages and that the original decree be modified to more nearly comport with Mrs. Peoples' needs and his earnings.

District Judge Lee entered an order on 16 May 1968 finding that Peoples was $801.30 in arrears; that his failure to make the payments was because of financial difficulties and was not willful; that he had not produced his income tax returns; and that the Confession of Judgment continued to be proper in its provisions. He ordered Peoples to pay $100.00 attorney's fees to Mrs. Peoples' lawyer by 15 July 1968 and to make up the above arrearage in alimony payments by 15 July 1968 as well.

An affidavit and motion was filed by the plaintiff on 7 August 1968 reciting that the defendant was then $1,462.17 "in arrears of previous orders of Court"; that no payments had been made by defendant since December 1967 and that plaintiff had been forced to

stop her work as a teacher because of bad health due to chronic kidney disease.

Chief District Court Judge E. Lawson Moore entered an order on 11 October 1968 finding that defendant was in arrears in the sum of $852.75 plus the $100.00 attorney fee, minus a $200.00 payment made by check, for a total of $752.75, and that he was willfully in contempt of the order of Lee, J., of 16 May 1968 and the Confession of Judgment of 4 May 1966. Execution against the person of Peoples was stayed, however, upon the condition that Peoples make timely payments required by previous orders or judgments of Court and that in addition he pay $50.00 per month to be credited upon the arrearage.

On 11 August 1969 plaintiff again filed an affidavit and motion reciting that defendant was in arrears $1,393.74 at that time; that the $200.00 check had been returned for insufficient funds; that a check to replace that returned check was itself returned for insufficient funds and that defendant had made no payments whatsoever during 1969. This pleading had been verified on 14 April 1969 but had not been filed at that time since it was learned by the plaintiff that the defendant had suffered a heart attack on 17 April 1969 and that he had been hospitalized, all of this being recited in an amendment to the original motion and affidavit. The amendment, also filed on 11 August 1969, further stated that the plaintiff understood that the defendant had continued to receive his salary during his illness and that he had returned to work sometime before the filing of the affidavit and amendment thereto.

A show cause order was issued by Judge Lee on 11 August 1969 ordering the defendant to appear at the contempt hearing to be set on or after 18 August 1969 in the Durham County District Court. This was served by the Sheriff of Vance County on 13 August 1969. An order was signed by Judge Lee on 25 August 1969 continuing the matter until 28 August 1969, stating, *inter alia*, that the defendant had tendered a $500.00 check to the plaintiff on the arrearages.

Defendant Peoples answered, denying the material allegations of the complaint except that he had made no payments at all during 1969. For a further answer and defense, the defendant submitted an affidavit reciting his current expenses and the changes of conditions referred to above. He stated that the plaintiff had a monthly income of $500.00; that he had expenses of approximately $720.00 a month; that as a result of his heart attack he had expenses of some $500.00 above insurance and that he had had to pay some $900.00 in income taxes for the year 1969. He alleged that he had paid some

$2,211.00 to the plaintiff during 1968 and that he did "not now have sufficient income" to pay the plaintiff 25% of his adjusted gross income and still "raise his present family; that defendant's entire income is spent except for the retirement that is taken out of his pay." A 1968 Federal Income Tax form was attached to the answer and affidavit.

At the hearing, the plaintiff presented no evidence outside of the pleadings and moved that defendant be held in contempt of the court. The defendant called Mrs. Peoples to the stand. She testified that she had an income of about $450.00 a month for nine months; that she had quite a few hospital bills which she had not paid; that she had periodic expenses of some $160.00 per month plus other expenses in such amounts that she had to borrow about $200.00 a month from her parents to live; that she received no income during the summer, and during a trip to Texas, which she took against the orders of her doctor since she was able to get a study grant, she collapsed and had to be hospitalized.

Peoples testified that he had a $101.00 a month expense for car payments which he did not mention in his affidavit and that he had outstanding obligations to two banks for about $2,400.00. He stated that he had gotten behind in house payments and was trying to catch up during the early part of 1969. He said that his illness required him to be on a special, expensive diet. He admitted that he received about $1,030.00 net after taxes and retirement a month as a District Judge and that his wife received $282.00 take-home a month. He admitted writing a bad check to the appellee. He admitted that Mrs. Peoples helped in putting him through law school. He stated further:

"I admit that I have not paid anything in 1969. I do not know if we agree on what we are behind. We were figuring on $270.00 up until August. I tried to point that out in my affidavit it is purely the question of either paying one or paying the other. It's as simple as that. I have not said that I have no intention of paying her. If I keep getting further and further in debt as I did last Fall when I did get behind because of spending money in the election that I had and the plaintiff admits that I paid most of it under the orders of the Court in the Fall of last year. I got behind again and there is so much you can borrow before you have to start paying back."

On this evidence, the following order was entered by Judge Lee (in pertinent part):

"This cause, coming on to be heard and being heard on the 28th day of August, 1969, before The Honorable Thomas H. Lee, District Court Judge, upon motion of plaintiff that defendant show cause why he should not be found in contempt of previous orders of Court; and the plaintiff being present and being represented by W. Paul Pulley, Jr., and the defendant being present and appearing on behalf of himself without other counsel;

"Upon consideration of affidavits and oral testimony, it appearing to the Court and the Court finds the following facts:

\*    \*    \*

"16.    That from December 1, 1968, through June 30, 1969, defendant has been employed as a District Court Judge at an annual salary of Fifteen Thousand Dollars ($15,000.00) per year; that on or about July 1, 1969, defendant's salary was increased to Seventeen Thousand Dollars ($17,000.00) per year; that during the year 1969 as District Court Judge defendant has earned approximately Ten Thousand One Hundred Sixty-Six Dollars ($10,166.00) for an eight-month period gross income.

"17.    That defendant willfully failed and refused to furnish his income tax return by April 30, 1969, as required by the Confession of Judgment and has furnished his 1968 income tax return for the first time at this hearing, August 28, 1969. That said income tax return shows that for the year 1968 defendant earned Nine Thousand Eight Hundred Thirty and 18/100 ($9,-830.18) adjusted gross income.

"18.    That defendant was responsible to pay plaintiff for the year 1969 pursuant to the Confession of Judgment the sum of Two Hundred Four and 81/100 Dollars ($204.81) per month.

"19.    That with the exception of Five Hundred Dollars ($500.00) paid when defendant was ordered to appear in Court and appeared in Court on the 21st day of August, 1969, defendant paid nothing to plaintiff during the year 1969.

"20.    That defendant is currently in arrears in his payments to plaintiff in the amount of One Thousand Six Hundred Fifty-Two and 48/100 Dollars ($1,652.48), and that figure is after subtracting the Five Hundred Dollars ($500.00) paid when defendant appeared in Court August 21, 1969.

"21.    That subsequent to the Confession of Judgment and a later judgment for absolute divorce, defendant has remarried and has one natural child born of the marriage and has adopted

another child and that two step-children live with defendant and his present wife; that defendant's present wife is currently employed in the office of the Clerk of Superior Court of Vance County and has been so employed since before October 11, 1968.

"22.   That on or about April 17, 1969, defendant suffered a heart attack and was hospitalized at Duke Hospital in Durham, North Carolina, until May 8, 1969.

"23.   That at an examination August 25, 1969, defendant's physicians found him 'to be without symptoms and to have not suffered demonstrable impairment of the function of his heart' and stated that defendant's 'present outlook for continued good health is quite good.'

"24.   That defendant is now in good health and able to continue working full time.

"25.   That defendant has been working full time for approximately two months.

"26.   That defendant's salary continued without interruption during his illness.

"27.   That defendant's medical expenses which he was required to personally pay other than that covered by insurance were Four Hundred Eighty-Two and 03/100 Dollars ($482.03).

"28.   That since the order of The Honorable E. Lawson Moore of October 11, 1968, defendant has possessed the means and ability to comply with said order and the previous orders of Court.

"29.   That defendant willfully failed and refused to comply with the order of The Honorable E. Lawson Moore of October 11, 1968, and previous orders of this Court and specifically the Confession of Judgment of the 4th day of May, 1966.

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that defendant is in willful contempt of the order of Court of The Honorable E. Lawson Moore of October 11, 1968, and previous orders of Court and that execution shall issue against the person of defendant and that the Sheriff of Vance County shall deliver him to the Sheriff of Durham County and that he shall be confined in the common jail of Durham County until he purges himself of contempt.

"This 29th day of August, 1969.

THOMAS H. LEE
District Court Judge"

*W. Paul Pulley, Jr., for plaintiff appellee.*
*Bobby W. Rogers for defendant appellant.*

CAMPBELL, J.

**[1]**   The appellant in this action raises the question of whether or not a District Court Judge may hold a party to a proceeding before him in civil contempt for failure to comply with court orders issued pursuant to a confession of judgment regarding payment of alimony which was entered in the Superior Court prior to the establishment of a district court for the district in which the order was entered. We answer that question unequivocally in the affirmative.

**[2, 3]**   The Judicial Department Act of 1965, as codified in Chapter 7A of the General Statutes, sets up a "unified judicial system for purposes of jurisdiction, operation and administration, and consists of an appellate division, a superior court division, and a district court division." G.S. 7A-4. In civil matters, original general jurisdiction is vested, with some exceptions, "in the aggregate" in the General Court of Justice. G.S. 7A-240. The superior court division or the district court division, or both, are designated as "proper" divisions in which to bring a given civil action, but no judgment in a matter in which the trial courts have original jurisdiction is "void or voidable for the sole reason that it was rendered by the court of a trial division which . . . is improper for the trial and determination of the civil action or proceeding." G.S. 7A-242. It follows that no order of the district court may be overturned merely because it was not the proper division to enter the order. Appellant's attack must fail, at any rate, since there is no showing in the record that he entered timely objection to the jurisdiction or venue of the district court here. G.S. 7A-257.

We think, however, that the district court was the proper division to enforce the provisions of the confession of judgment in the instant case. A judgment ordering the payment of alimony may be enforced by the contempt power as provided for in G.S. 5-8 and 5-9. G.S. 50-16.7. G.S. 5-8 provides in part that

> "Every court of record has power to punish as for contempt when the act complained of was such as tended to defeat, impair, impede or prejudice the rights or remedies of a party to an action then pending in court. . . ."

**[4]**   "An action is pending from the time it is commenced until its final determination." *Spencer v. Motor Co.,* 236 N.C. 239, 72 S.E. 2d 598 (1952). An order for the payment of alimony is not a final judg-

ment, since it may be modified upon application of either party. *Barber v. Barber,* 217 N.C. 422, 8 S.E. 2d 204 (1940). Thus, an action for alimony would continue to be "pending" in the court of proper jurisdiction. The district court has jurisdiction over alimony proceedings and, indeed, the Legislature has decreed that it is the only "proper" division for such a proceeding. G.S. 7A-244.

[1]    It is manifest that the court which has been given the duty to supervise domestic relations matters — including alimony judgments and orders pursuant thereto — must have the authority to enforce those judgments and orders. This is true whether the judgment was entered in the superior court or the district court. It would be anomalous to assume that when the Legislature changed the statutory framework to make the district court division the proper agency in which to bring actions for alimony or actions to enforce alimony judgments, it meant to leave supervision of prior alimony judgments to the superior court. We decline to construe the statutes so as to reach that result. The district court was established in Durham County as of the first Monday in December of 1966. G.S. 7A-131. We hold that it has the power to enforce by a civil contempt proceeding a confession of judgment entered in the Superior Court on 4 May 1966 allowing alimony to the appellee.

The appellant also questions the sufficiency of the findings of fact in the final order of Judge Lee entered 29 August 1969.

> "The findings of fact by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence . . . and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment." *Willis v. Willis,* 2 N.C. App. 219, 162 S.E. 2d 592 (1968), quoting from *Rose's Stores v. Tarrytown Center,* 270 N.C. 206, 211, 154 S.E. 2d 313 (1967).

Judge Lee found here that the appellant had "willfully failed to furnish his income tax return by April 30, 1969, as required by the Confession of Judgment . . ."; that appellant had completed his 1968 tax return by 15 April 1969; that he was hospitalized from 17 April 1969 to 8 May 1969 suffering from a heart attack and that "defendant has possessed the means and ability" to comply with Judge Lee's order.

[5]    For appellant to be held in contempt for failure to comply with the provisions of the judgment requiring him to "furnish his income tax return by April 30," the trial judge must make "particular findings that defendant possessed the means to comply" with them. *Willis v. Willis, supra.* Here the defendant was hospitalized

with a heart attack on 30 April 1969, and it is questionable whether he had the means to comply with the order at that time, although he admits "it would have been a simple matter for me to drop a copy [of the form] in the mail." However, if this were error, it was harmless error, in that Judge Lee's final order recites that the income tax form has now been furnished to the appellee and to the court. The appellant has apparently been purged of such contempt as would have been associated with his failure to supply the form on time.

[6] Judge Lee found, even though the appellant had been ill, that "since the order of The Honorable E. Lawson Moore of October 11, 1968, defendant has possessed the means and ability to comply with said order and the previous orders of Court." This finding is amply supported by the evidence of relative income and indebtedness. The appellant was earning $15,000-$17,000 a year, his net income was about $1,000 a month and his wife's net income was $282 a month. His monthly expenses were about $800, his medical expenses above insurance incident to his heart attack were $482.03, and he had borrowed $2,400 from local banks. There is no merit in this assignment of error.

The evidence in this case amply supports the order of Judge Lee and further shows that the defendant has been extended far more consideration and delay than he deserves.

We have likewise reviewed the other assignments of error brought forward by appellant and find no error in law.

Affirmed.

PARKER and HEDRICK, JJ., concur.