PERRY B. EARNHARDT v. RUTH N. EARNHARDT

No. 7026DC333

(Filed 5 August 1970)

Divorce and Alimony § 21; Contempt of Court § 6— enforcing alimony payment — contempt order — sufficiency of finding

An order for defendant's arrest for wilful contempt of earlier court order requiring him to make alimony payments must be remanded, where there was no evidence to support a finding that defendant presently possessed the means to comply with the alimony order.

APPEAL by plaintiff from *Gatling, District Judge,* 30 January 1970 Session of MECKLENBURG County General Court of Justice, District Court Division.

The plaintiff (Earnhardt) on 29 June 1966, instituted this action in the Superior Court of Mecklenburg County for an absolute divorce on the ground of one-year separation. Earnhardt alleged the marriage on 18 May 1929 and separation commencing on 20 June 1965.

The defendant (Mrs. Earnhardt) answered the Complaint and denied that the separation was voluntary; but on the contrary, she alleged in a cross action that Earnhardt willfully abandoned her, failed and refused to furnish her with necessary subsistence in accordance with his means and condition in life, and in accordance with her needs and requirements; and further alleged a course of conduct by Earnhardt which rendered her condition intolerable and life burdensome. She asked for alimony *pendente lite,* counsel fees and permanent alimony.

Various orders were entered requiring Earnhardt to show cause why he should not pay alimony *pendente lite.* He claimed as a defense thereto that he was physically unable to work. Consequently, an order was issued on 23 November 1966 by Judge Riddle requiring Earnhardt to subject himself to a physical examination. A physical examination by a qualified physician was had; and thereafter under date of 17 January 1967, Judge Clarkson entered an order requiring Earnhardt to pay Mrs. Earnhardt $30 a week pending further orders of the court, and a $100 attorney fee. This order was based upon adequate findings of fact. Pursuant to this order, Earnhardt made four payments, the last one being on 3 March 1967.

On 14 April 1967 Judge Clarkson issued an order to show cause as to why Earnhardt should not be held in contempt of court. This order was made returnable 24 April 1967. The matter came on to be heard before Judge Latham, Earnhardt did not appear, and his attorney of record at that time announced that Earnhardt was confined in the Veterans Hospital at Mountain Home, Tennessee. Judge Latham entered an order continuing the matter until such time as Earnhardt was released from the hospital. Thereafter, Earnhardt's counsel of record withdrew as his attorney pursuant to an order of Judge Grist entered 22 April 1968.

On 15 January 1970 Mrs. Earnhardt filed a petition and motion in the cause setting forth the receipt of four payments pursuant to the order of Judge Clarkson in January 1967, and

that Earnhardt was in arrears in the amount of $4,020.00; that the defendant, while confined in the Veterans Hospital at Mountain Home, Tennessee, had perpetrated a fraud upon the courts of the State of Tennessee and pursuant thereto had obtained a fraudulent divorce from Mrs. Earnhardt; that after obtaining the fraudulent divorce, Earnhardt had purportedly married a Mrs. Holden in the State of South Carolina on 13 April 1968; that Mrs. Holden had died during the year 1969, and at the time of her death, had left funds in trust for Earnhardt. Mrs. Earnhardt requested an order to show cause. Judge Abernathy issued such an order on 15 January 1970, returnable 26 January 1970. This order to show cause was personally served upon Earnhardt on 16 January 1970.

On 20 January 1970 Earnhardt, through his present counsel of record, made a motion to continue the hearing, as he was returning to the Veterans Hospital in Tennessee. He further requested that the order for support be abated or suspended due to his ill health and inability to earn money with which to make support payments.

The cause came on to be heard and was heard before Judge Gatling on 27 January 1970, having been continued by consent from 26 January 1970. Under date of 30 January 1970 Judge Gatling entered an order containing numerous findings of fact, including that Earnhardt was in arrears in the amount of $4,290 in his alimony payments; that Earnhardt was in willful contempt for failure to abide by and comply with the order of Judge Clarkson entered 17 January 1967; that Mrs. Earnhardt was entitled to a monetary judgment in the amount of $4,290, together with interest and costs, and he further adjudged that Earnhardt should pay Mrs. Earnhardt's attorney the sum of $750.

This order of Judge Gatling further provided:

"4.   The plaintiff shall be arrested immediately by the Sheriff of Mecklenburg County, North Carolina, or the Sheriff of any other county in the State of North Carolina in which the plaintiff may be found to be a resident and shall be committed forthwith to the jail of any such Sheriff, pursuant to the provisions of Article 34 of Chapter 1 of the General Statutes of North Carolina. The plaintiff's bail is set, in the discretion of the undersigned, at Two Thousand Five Hundred ($2,500) Dollars."

The present appeal was taken from this order.

*Grier, Parker, Poe, Thompson, Bernstein, Gage and Preston by W. Samuel Woodard for plaintiff appellant.*

*Cole and Chesson by James L. Cole for defendant appellee.*

CAMPBELL, J.

The evidence before Judge Gatling as shown by the record in this case amply supports the findings of fact, and the conclusions of law based thereon are proper, with the exception of the provision (Paragraph No. 4) quoted above providing for the arrest of Earnhardt.

In the instant case the court made numerous findings of fact and incorporated all of the findings of fact previously made by Judge Clarkson, but there was no evidence to support a finding that Earnhardt "presently possesses the means to comply" and, therefore, the order of arrest was improperly entered. The Supreme Court in *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391 (1966) stated:

> "The court entered judgment as for civil contempt, and the court must find not only failure to comply but that the defendant presently possesses *the means* to comply. The judgment committing the defendant to imprisonment for contempt is not supported by the record and must be set aside."

To the same effect, see *Willis v. Willis,* 2 N.C. App. 219, 162 S.E. 2d 592 (1968) and compare *Peoples v. Peoples,* 8 N.C. App. 136, 174 S.E. 2d 2 (1970).

The monetary judgment entered against Earnhardt is affirmed. The case is remanded for further hearing and findings of fact with regard to the civil contempt.

Affirmed in Part, and Error and Remanded in Part.

BRITT and VAUGHN, JJ., concur.