JOHN C. BROOKS, COMMISSIONER OF LABOR OF THE STATE OF NORTH CAROLINA v. JOHN ALEXANDER GOODEN AND WARD LUMBER COMPANY

No. 8313DC781

(Filed 7 August 1984)

**1. Appeal and Error § 14; Rules of Civil Procedure § 13— finding of contempt — notice of appeal—subsequent dismissal of counterclaim not appealed**

In a civil contempt proceeding in which respondent lumber company was found to be in civil contempt for failure to submit to an administrative inspection warrant issued by the court, judgment was entered on 18 February 1983, and respondent's oral notice of appeal given at that time did not encompass the court's subsequent order, which dismissed respondent's counterclaim, entered on 18 May 1983, *nunc pro tunc* to 14 March 1983; moreover, an intent to appeal the dismissal of the counterclaim could not be inferred from respondent's oral notice of appeal from the contempt judgment, since the judgment appealed from was limited to the issue of contempt and did not dispose of the counterclaim; a counterclaim is in the nature of an independent proceeding and is not automatically determined by a ruling in the principal claim; and the issues raised in the counterclaim, which by respondent's own admission were important constitutional issues, were not so intertwined with the narrow issues involved in the civil contempt proceeding that an appeal taken from judgment in one was notice of intent to appeal from a subsequent ruling in the other.

**2. Courts § 14.1— contempt proceeding in district court—no grounds for transfer to superior court**

In a civil contempt proceeding in which respondent lumber company was found to be in civil contempt for failure to submit to an administrative inspection warrant issued by the court, the superior court was not the proper division for consideration of this action and there were no grounds for transfer from the district to the superior court, since G.S. 7A-245(b) provides that, when a case is otherwise properly in the district court, a prayer for injunctive or declaratory relief by any party not a plaintiff on grounds stated in the statute is not ground for transfer; the relief asserted by respondents as grounds for the transfer was sought in a counterclaim; and a respondent's status in a contempt proceeding is comparable to that of a defendant in a civil action.

**3. Contempt of Court § 6.2— refusal to submit to inspection warrant—lumber company in contempt**

The trial court did not err in finding respondent lumber company in civil contempt of court where the evidence supported the court's findings that respondent willfully refused to submit to an administrative inspection warrant issued by the court and that respondent had shown no legal cause for that refusal.

Chief Judge VAUGHN concurring.

APPEAL by respondent Ward Lumber Company from *Gore, Judge*. Judgment entered 18 February 1983 in District Court, BLADEN County. Heard in the Court of Appeals 2 May 1984.

This is a civil proceeding in which respondent Ward Lumber Company (hereinafter Ward) was found to be in civil contempt for failure to submit to an administrative inspection warrant issued by the court. The warrant authorized James L. Wright, a Safety Officer with the Office of Occupational Safety and Health of the North Carolina Department of Labor (hereinafter OSH), to conduct a safety and health inspection of Ward's business premises.

Events leading up to the initiation of this special proceeding may be summarized as follows: On 4 January 1983, Mr. Wright and an OSH Supervisor attempted without a warrant to conduct a safety and health inspection of defendant's business premises. The inspection was a "general schedule" inspection, that is, an inspection of a randomly selected site where selection is not based on any specific complaint and the inspection covers the entire business premises. Entry onto the premises was refused by respondent John Alexander Gooden, president of Ward, and his brother, Ronald Gooden. On 5 January 1983, OSH Safety Officer

Wright obtained from District Court Judge William Wood an administrative inspection warrant to conduct an inspection of Ward's premises. The OSH application for the warrant was made *ex parte* and without notice to respondents. The warrant authorized the same type of general schedule inspection that the OSH officers had attempted to conduct the day before without a warrant. Upon presentation of the warrant at Ward Lumber Company, entry onto the premises was again refused by Ronald Gooden.

On 19 January 1983, petitioner initiated this contempt proceeding in District Court. The petition alleged, *inter alia*, that entry onto Ward's premises had been refused by John Gooden on the basis that the administrative inspection warrant was unconstitutional. The petition asked that respondents be ordered by the court to appear and show cause why they should not be held in contempt for refusing to honor the administrative inspection warrant. The petition also asked the court to specify that respondents could purge themselves of contempt by submitting to inspection by OSH.

On 19 January 1983, after finding probable cause for the issuance of a contempt order, the court directed respondents to appear and show cause why the order should not issue. The show cause hearing was originally set for 2 February 1983 and was continued by consent of the parties until 18 February 1983.

On 31 January 1983, respondents filed a motion to transfer the proceeding to Superior Court, an answer and counterclaim, and a subpoena *duces tecum*. In their answer and counterclaim to OSH's petition, respondents claimed that the inspection warrant was invalid because (1) it violated the fourth amendment protection against unreasonable searches and seizures; (2) it violated respondents' fifth amendment due process rights; and (3) it was not issued in compliance with OSH's own administrative procedures or applicable federal regulations. These alleged procedural violations were asserted as the basis for respondents' refusal to submit to the warrant. Respondents counterclaimed on the basis of the alleged constitutional violations seeking (1) to have the warrant declared null and void; (2) to have OSH's inspection plan declared invalid and unconstitutional; (3) to quash the inspection

warrant; and (4) to enjoin petitioner from making future inspections without a valid warrant.

Respondents' motion to transfer the contempt proceeding to Superior Court was based on the nature and asserted importance of the constitutional issues raised in their answer and counterclaim. The subpoena *duces tecum* had been issued on 28 January 1983 by respondents' attorney to require Safety Officer Wright to appear for a deposition and bring certain documents and records with him. The deposition, scheduled for 23 February 1983, was requested apparently in order to obtain testimony for use in the pending civil contempt proceeding.

On 3 February 1983, OSH moved to quash the subpoena *duces tecum* arguing, *inter alia*, that discovery is not permitted in proceedings for civil contempt. OSH also moved to dismiss respondents' motion to transfer the proceeding to Superior Court on the grounds that a case otherwise properly in district court may not be transferred on the basis that a party other than the plaintiff requests declaratory relief. OSH further contended that the law governing civil contempt proceedings does not provide for an answer or counterclaim by the respondents.

On 14 February 1983, respondents filed a motion to stay the district court proceedings pending a ruling by the superior court on their motion to transfer. On 18 February 1983, the day of the show cause hearing, respondents replied to OSH's contention that the answer and counterclaim were not proper in proceedings for civil contempt, asserting on the basis of several recent federal decisions that the Rules of Civil Procedure permitted the filing of an answer and counterclaim by respondents in civil contempt proceedings.

The show cause hearing occurred as scheduled in District Court. At the outset, the court denied respondents' motion to stay the District Court proceedings and denied as well their oral motion for a continuance. Respondents presented no evidence or testimony. Judgment was announced in open court. The court found facts essentially as stated above and concluded that respondent Ward had wilfully and without legal excuse failed to comply with the inspection warrant. Ward was fined $100.00 and ordered to comply with all lawful inspection warrants. The court concluded that the purpose of the contested warrant could still be

served by permitting the inspection. From the entry of this order in open court, respondent Ward appealed. A written order in conformity with this judgment and noting respondents' oral notice of appeal was entered on 14 March 1983. In pertinent part, that order is as follows:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Respondent Ward Lumber Company is to abide by all lawful Administrative Inspection Warrants issued by a Judicial Official, and that further, Ward Lumber Company be assessed a fine of $100.000 [sic] for its failure to comply with the Administrative Inspection Warrant issued by Judge Wood.

> The Respondents Ward Lumber Company and John Alexander Gooden except to the entry of this Order and give Notice of Appeal to the Court of Appeals; all sanctions imposed by this Court are stayed until such time as the Court of Appeals rules on this matter. . . .

> Petitioner's motion to quash the subpoena issued in this matter by the Respondents is allowed.

*Attorney General Edmisten, by Assistant Attorney General Tiare B. Smiley, for petitioner-appellee.*

*McCarty, Wilson, Rader and Mash, by Robert E. Rader, Jr., pro hac vice; Saccomanno, Clegg, Martin and Kipple, by Lynn L. Laughlin; and Hester, Hester and Johnson, by W. Leslie Johnson, Jr., for respondent-appellant Ward Lumber Company.*

EAGLES, Judge.

Respondent Ward contends that "[t]his case poses simple but profoundly important constitutional questions." We note, however, that jurisdictional restrictions limit our consideration to the issues of whether respondents' motions to stay the district court proceedings and for a continuance were properly denied and whether the trial court correctly found respondent in civil contempt for failure to comply with the administrative inspection warrant.

I

The record on appeal and the transcript of the show cause hearing affirmatively disclose that appeal was taken only from

the trial court's judgment finding respondent Ward Lumber Company in contempt, announced in open court. The notice of appeal from the judgment, given orally in open court, is the only notice of appeal that appears in the record or transcript.

a.

From the record, it appears that the trial court entered a written order on 18 May 1983, *nunc pro tunc* to 14 March 1983, dismissing respondents' counterclaim. It is in their counterclaim that respondents raised the issues of constitutionality. In the same written order, the court denied respondents' "Motion for Reconsideration," which does not appear in the record. This order, even though entered *nunc pro tunc* to 14 March 1983, nevertheless was entered out of session, which required respondent Ward to give notice of appeal in accordance with Appellate Rule 3(b). Rule 3(b) requires that appeals from judgments or orders rendered out of session must be taken by filing written notice of appeal with the clerk of superior court with service upon all parties. Rule 3(c) requires that the written notice must be given within ten days of the entry of the contested judgment or order. Rule 3(d) requires that the written notice "shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken; and shall be signed by counsel of record for the party or parties taking the appeal, or by any such party not represented by counsel of record." G.S. 1-279 prescribes the procedure for taking an appeal in essentially the same manner and language. *See Giannitrapani v. Duke Univ.*, 30 N.C. App. 667, 228 S.E. 2d 46 (1976). For purposes of determining when notice of appeal must be given, the court's announcement of its decision in open court constitutes entry of judgment even if a formal written order is not filed until a later date. *In re Moore*, 306 N.C. 394, 293 S.E. 2d 127 (1982), *appeal dismissed sub nom.*, *Moore v. Guilford County*, 459 U.S. 1139, 74 L.Ed. 2d 987 (1983); G.S. 1A-1, Rule 58.

Appeal from a judgment may also be taken by "giving oral notice of appeal at trial," App. R. 3(a)(1); G.S. 1-279(a)(1), but an appeal so taken is by its nature limited to the issues dealt with in the judgment announced and cannot apply to subsequent written orders determining other issues in the same case. *See McCall v. Kendrick*, 2 Utah 2d 364, 274 P. 2d 962 (1954) (appeal taken from

judgment does not apply to subsequent award of attorney fees). *See generally,* 4A C.J.S. *Appeal and Review* §§ 576, 593(3), 594(4); N.C. App. R. 3, commentary (N.C. Rules of Court, 1984).

b.

[1]  With the above principles in mind, we hold that judgment in this case was entered on 18 February 1983 and that Ward's oral notice of appeal given at that time simply does not encompass the subsequent order dismissing the counterclaim, entered nearly three months later. This defect is not cured either by the entry of that order *nunc pro tunc* to 14 March 1983, the date on which the written judgment was entered, or by the court's order, entered 18 April 1983, setting 14 March 1983 as the date from which the time for preparing the record on appeal was to run.

We cannot infer from Ward's oral notice of appeal from the contempt judgment an intent to appeal the dismissal of the counterclaim. *See Smith v. Insurance Co.,* 43 N.C. App. 269, 258 S.E. 2d 864 (1979) (liberal construction of rules governing *written* notice of appeal). First, the judgment appealed from was limited to the issue of contempt and did not dispose of the counterclaim; second, a counterclaim is in the nature of an independent proceeding and is not automatically determined by a ruling in the principal claim, *see* G.S. 1A-1, Rule 13; third, the issues raised in the counterclaim, which by Ward's own admission are important constitutional issues, are not so intertwined with the narrow issues involved in the civil contempt proceeding that an appeal taken from judgment in one is notice of intent to appeal from a subsequent ruling in the other. *See generally,* 9 Moore's Federal Practice, § 203.18 (2d ed. 1983). Ward's unsupported assertion that the court's judgment of contempt *ipso facto* disposed of the counterclaim and related discovery requests is incorrect and overlooks the significance of failing to take an appeal in compliance with applicable rules and statutes. Without proper notice of appeal, this Court acquires no jurisdiction. *Oliver v. Williams,* 266 N.C. 601, 146 S.E. 2d 648 (1966); *Smith v. Smith,* 43 N.C. App. 338, 258 S.E. 2d 833 (1979), *rev. denied,* 299 N.C. 122, 262 S.E. 2d 6 (1980); *O'Neill v. Southern National Bank,* 40 N.C. App. 227, 252 S.E. 2d 231 (1979). Accordingly, we must dismiss Ward's purported appeal from the dismissal of the counterclaim for lack of

jurisdiction. *Id.* Our consideration of the constitutional issues sought to be raised is foreclosed.

## II

Ward assigns as error the court's denial of its request for discovery which, we assume, refers to the court's quashing of respondents' subpoena *duces tecum*. However, respondent Ward failed to note an exception in the record. Further, respondents failed to object to the ruling at trial although it came after oral notice of appeal was given. Even if we assume then that the oral notice of appeal encompasses the quashing of the subpoena *duces tecum*, Ward's failure to note an exception in the record or transcript precludes our consideration of the assignment of error and related argument. *State v. Kidd*, 60 N.C. App. 140, 298 S.E. 2d 406 (1982), *rev. denied*, 307 N.C. 700, 301 S.E. 2d 393 (1983).

## III

[2] In a matter that is properly before us, respondent Ward contends that the district court erred in refusing to stay its proceedings, thereby not allowing the superior court to consider the requested transfer. A few hours before filing their counterclaim, respondents filed a motion to transfer the entire controversy to superior court on the basis that the counterclaim requested relief of a nature that conferred jurisdiction on the superior court. G.S. 7A-245 provides that the superior court is the proper division for trial of civil actions where, as in the counterclaim, the principal relief requested is:

  (1) Injunctive relief against the enforcement of any statute, ordinance, or regulation;

  (2) . . .

  (3) Declaratory relief to establish or disestablish the validity of any statute, ordinance, or regulation; or

  (4) The enforcement or declaration of any claim of constitutional right.

However, G.S. 7A-245(b) provides:

  When a case is otherwise properly in the district court division, a prayer for injunctive or declaratory relief by any

party not a plaintiff on grounds stated in this section is not ground for transfer.

Since the relief asserted by respondents as grounds for the transfer was sought in a counterclaim and since a respondent's status in a contempt proceeding is comparable to that of a defendant in a civil action, under G.S. 7A-245(a) the superior court was not the proper division for consideration of this action and there were no grounds for transfer. Since the matter was properly in district court, respondents were not entitled under G.S. 7A-258(a) to move for a transfer to superior court. Thus, the prohibition contained in G.S. 7A-258(f)(1), against involuntary dismissal of an action in which a motion to transfer is pending, could not apply here to prohibit the dismissal by the court of respondent's counterclaim. Respondent Ward's contention is without merit.

Because the matter was properly in district court, we hold that the denial of respondents' oral motion for a continuance was not an abuse of discretion.

IV

[3] Respondent Ward has neglected to address the sole substantive issue that is properly presented by his appeal: whether the judgment of the trial court finding Ward Lumber Company in civil contempt of court was correct.

In their answer to the contempt petition, respondents asserted the unconstitutionality of the statute and the inspection plan and the invalidity of the inspection warrant. Respondents presented no evidence at the hearing, only moving to strike the testimony of the State's witness and to dismiss the action because of the alleged unconstitutionality of the law and because OSH "in every respect failed to meet its obligation under the law." Respondents offered no proof in support of the allegations of unconstitutionality. On appeal, Ward does not dispute the facts found by the court or even argue that they do not support the judgment of contempt. Under our rules of Appellate Procedure, failure to present arguments on questions raised by assignments of error in an appeal from a trial court constitutes abandonment of those assignments of error. App. R. 28(a). Nevertheless, we have carefully considered the trial court's judgment and hold that it was correct.

On appeal from judgments of civil contempt, our review is limited to the questions of whether the trial court's findings of fact are supported by any competent evidence in the record, *Peoples v. Peoples*, 8 N.C. App. 136, 174 S.E. 2d 2 (1970), and whether the findings of fact warrant the judgment. *Willis v. Willis*, 2 N.C. App. 219, 162 S.E. 2d 592 (1968). The facts found by the trial court are amply supported in the record in the form of testimony at the hearing and the search warrant and supporting affidavit. The court concluded from these facts, *inter alia*, that respondent had wilfully refused to submit to the inspection warrant and that it had shown no legal cause for that refusal. The court's judgment is supported by its findings and conclusions and must be affirmed.

Affirmed.

Chief Judge VAUGHN and Judge BRASWELL concur.

Chief Judge VAUGHN concurring.

I would consider the matters respondent attempts to raise on their merits. I would then find that the order of the trial court is in all respects correct and that respondent's arguments are totally lacking in merit.