274 P.2d 962

**A. C. McCALL, Plaintiff and Appellant,**

**v.**

**Thomas H. KENDRICK, and R. F. Schober, Union Pacific Railroad Company and the Ogden Union Railway and Depot Company, Defendants and Respondents.**

No. 8123.

Supreme Court of Utah.

Oct. 6, 1954.

David S. Kunz, Ogden, for appellant.

Bryan P. Leverich, M. J. Bronson, A. U. Miner, Howard F. Coray and Marvin J. Bertoch, Salt Lake City, for respondents.

CROCKETT, Justice.

This action arose out of the arrest and imprisonment of plaintiff A. C. McCall, claimed by him to be unlawful.

During the early morning hours of November 27, 1952, plaintiff was in the depot of the Ogden Union Railway and Depot Company in Ogden, Utah; defendants Kendrick and Schober, special officers employed by the defendant railway companies, arrested plaintiff as being intoxicated. Plaintiff broke away and fled to a nearby tavern where the officers again apprehended him and took him into custody; thereafter he was detained for a few hours in the Ogden City jail before being released on bond.

Upon complaint of Kendrick he was charged with being drunk in a public place in violation of an Ogden City ordinance and upon trial he was acquitted of that charge. Subsequently this suit was instituted based upon a complaint sounding in false arrest, false imprisonment and malicious prosecution. A jury rendered a verdict against the plaintiff and in favor of the defendants, no cause of action.

Defendants first suggest that the notice of appeal was improper. We deem it unnecessary to give concern to any doubt which may exist about that contention because the plaintiff's appeal is without merit in any event and the judgment of the trial court must be affirmed.

The gravamen of plaintiff's appeal as presented to this court relates to alleged errors concerning instructions to the jury. The record fails to show any exceptions to instructions given or the refusal of requests. Rule 51 of our Rules of Civil Procedure states: "No party may assign as error the giving or failure to give an instruction unless he objects thereto. In objecting to the giving of an instruction, a party must state distinctly the matter to which he objects and the grounds of his objection." Notwithstanding this rule, plaintiff appeals to the discretion of this Court to consider his contentions under the exception stated in the rule that even though no exceptions have been taken, this Court may "* * * in its discretion and in the interests of justice, * * *" review the giving or the failure to give instructions.

It must be kept in mind that the language just quoted is not the rule, but the *exception*. Normally the rules themselves must govern procedure and are to be followed unless some persuasive reason to the contrary invokes the discretion of the Court to extricate a person from a situation where some gross injustice or inequity would otherwise result.[1] The burden of showing special circumstances which would warrant a departure from the rule rests upon the party seeking to vary it. Plaintiff has made no such showing here. The record does not merit the invocation of the exception referred to, but is to the contrary.

A reading of the entire instructions together, as they must be,[2] indicate that the proposition submitted to the jury for determination was whether the plaintiff was in fact intoxicated on the night in question, and that if he was, the defendants were justified in what they did, and if he was not, he would be entitled to a verdict. Their verdict for the defendants indicates that they must have believed that he was in fact intoxicated. This is not necessarily inconsistent with the fact that he was acquitted on the criminal charge. In that case the prosecution had to prove his guilt be-

1. Holton v. Holton, Utah, 243 P.2d 438.

2. Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287.

yond a reasonable doubt, whereas in the civil case there was no such burden.

Plaintiff further challenges the trial court's award of $250 attorneys' fees in favor of the defendant Schober under the statute [3] which provides that in an action against " * * * any sheriff, constable * * * or any other person charged with the duty of enforcement of the criminal laws of this state * * * shall, * * * recover * * * counsel fees * * *." He insists that the defendants, as special officers and employees of the defendant railroads are not within the class of officers covered by that statute.

We recognize the duty of this Court, and it is our desire, to dispose of all pertinent questions presented so that litigation shall come to an end. However, regrettable as it may be, with respect to this latter problem, it is not before us for review in any event. The notice of appeal which brought the case here was filed before that part of the judgment was entered, and was expressly so worded as not to include it.

The judgment of no cause of action on plaintiff's complaint is affirmed. Costs to respondents.

McDONOUGH, C. J., and HENRIOD and WORTHEN, JJ., concur.

WADE, J., concurs in the result.

3. U.C.A.1953, Sec. 78-11-10.