357 P.2d 496

**ARNOLD MACHINERY COMPANY, Inc., a corporation, Plaintiff and Appellant,**

**v.**

**INTRUSION PREPAKT INC., a corporation, Defendant and Respondent.**

No. 9292.

Supreme Court of Utah.

Dec. 13, 1960.

Stephens, Brayton & Lowe, Salt Lake City, for appellant.

Fabian & Clendenin, Bryce E. Roe, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Arnold Machinery Company sued to recover $3,580.52 for repairing a pneumatic compressor it leased to defendant, Intrusion Prepakt Inc. From a jury verdict and judgment for $2,500 plaintiff appeals claiming the judgment was too low; defendant cross-appeals contending that there should have been no judgment at all.

On July 9, 1958, plaintiff leased the compressor to defendant to use on a construction job near Ashton, Idaho. After two weeks' use it broke down. Defendant notified plaintiff, emphasizing the necessity of having it repaired as quickly as possible to keep the work going. Plaintiff dispatched a mechanic from its Idaho Falls office to Ashton. He discovered that major parts of the compressor unit had been burned out because of lack of lubrication and overheating; and that it could not be fixed without these parts, which had to be ordered from Salt Lake City. It was later discovered that the burning out of the machine was due to an obstructed oil line caused by a brass cutting which had somehow gotten into it.

Plaintiff's claim is for all expenses incident to the repairs based upon the provision in the lease that the lessee will maintain the machine and that upon notice of any accident or breakage the lessor may repair it and the lessee will pay the regular charges for any material or labor furnished in doing so. It contends that inasmuch as the only evidence in the record as to the cost and expenses involved in repairing the machinery was presented by its witnesses that it amounted to $3,580.52, the jury was

"not entitled to arbitrarily reduce the amount below that prayed for"; and that the verdict and judgment for $2,500 should not be allowed to stand.

We are entirely in accord with the idea that neither the court nor the jury should be permitted to stubbornly ignore and refuse to be guided by competent, credible and uncontradicted evidence.[1] The arbitrary and unreasoning imposition of one man's will upon another is the essence of tyranny and the antithesis of justice. Not even an American jury with its unquestioned broad discretion should be permitted to so flout the rights of those who seek civil justice. Nevertheless, short of such arbitrary action, the jury was not obliged to follow abjectly the plaintiff's evidence, but had the right to place their own evaluation upon the repairs made under their undoubted prerogative of judging the credibility of the witnesses and the weight of the evidence.[2]

There are some factors here which the jury could reasonably have thought to justify finding an amount substantially less than that claimed by the plaintiff. The bills supporting the plaintiff's claim show that in addition to the charges for material and labor, both of which were set at the full retail price, including up to $6 per hour for its employees, the plaintiff also included numerous and substantial charges for other expenses connected with the repair of the machinery, such as travel, telephone calls, freight and the towing of the equipment back and forth. The jury may well have deemed some of these items as not necessary, or the prices charged therefor as excessive. But the important and controlling factor in connection with the jury's determination of the amount of plaintiff's recovery is that the evidence which the plaintiff insists must be accepted in toto was prepared and presented through its own employees. The interest of witnesses is invariably recognized as something which may be considered in determining the credit to be given evidence.[3] Undoubtedly, if a witness can be disbelieved entirely because of self-interest, a fortiori, he can be disbelieved in part, or his testimony discounted to any reasonable extent. We so indicated in the case of Nichol v. Wall,[4] stating, "the trial judge was not obliged to accept the testimony of defendant that the reasonable rental value of his [chain] saw was $20 per day."

---

1. See Jones v. California Packing Corp., 121 Utah 612, 619, 244 P.2d 640.
2. See Page v. Federal Security Ins. Co., 8 Utah 2d 226, 332 P.2d 666 and authorities cited therein.
3. See Chugg v. Chugg, 9 Utah 2d 256, 342 P.2d 875; Cottrell v. Grand Union Tea Co., 5 Utah 2d 187, 299 P.2d 622.
4. 122 Utah 589, 253 P.2d 355, 356, 357. To similar effect see Langley v. Pacific Gas & Electric Co., 41 Cal.2d 655, 262 P.2d 846.

It is obvious that if the jury were bound to accept the plaintiff's evidence at 100% face value and render a verdict exactly in accordance with its claims, the defendant might in some instances be quite at plaintiff's mercy. This could be so particularly in a case such as this, where the information as to the repairs made on this machine lay solely within the plaintiff's knowledge. If the court were obliged to direct the jury to find in accordance with plaintiff's evidence, as the latter insists, an important purpose of the jury trial would be subverted and the defendant deprived of its right thereto.

Just as the court or jury cannot arbitrarily or unreasoningly impose their will upon a litigant, neither can one litigant so impose his will upon another. One of the favorable aspects of trial by jury is that it provides a safeguard against this being done by bringing together people of varied experience and different points of view, and permitting them to apply their practical judgments in the settlement of disputes. When one party makes what they deem to be harsh, excessive or unreasonable demands, it is their privilege to modify or ameliorate them to comport with their own sense of fairness and justice. To accomplish that objective it is necessary that the jury be allowed considerable latitude of judgment; and their determination should not be disturbed so long as it appears to be within the limits of reason.

The trial court correctly so regarded this verdict.

Affirmed. Costs to defendant (respondent).

WADE and McDONOUGH, JJ., concur.

HENRIOD and CALLISTER, JJ., concur in the result.