475 P.2d 839

Gloria MORGAN and Yvonne Morgan, a minor, by Gloria Morgan, her guardian ad litem, Plaintiffs and Appellants,

v.

Dr. Joseph P. PISTONE, Defendant and Respondent.

No. 12006.

Supreme Court of Utah.

Oct. 20, 1970.

Richard L. Young, Salt Lake City, for appellant.

Don Blackham, Granger, for respondent.

HENRIOD, Justice:

Appeal from a judgment on a jury verdict of no cause of action in an action alleging a battery. Affirmed with costs on appeal to defendant.

The record indicates that the alleged fracas, subject of this action, was the outgrowth of neighborly bad blood, punctuated by verbal potshots that pierced the

**64**

unfenced but psychological barriers existing between the unhappy homesteaders. Plaintiff, a minor female at the time of the alleged terrifying touching, and an adult at time of the trial, said one thing, and defendant, an adult male, said another, i. e., that he touched simply to call attention by way of explanation that he, a doctor, disliked the degradation attendant on plaintiff's repeated suggestions that his role in society best could be described by the sound of a duck. The doctor took the position of the common-law cool-blood, who, in Tuberville v. Savage,[1] indicated that if it were not assize time he would have run his tormentor through.

On such highly emotional and controversial evidence the jury apparently believed the doctor was put upon with greater force and vigor by the plaintiff's unkind, opprobrious epithets than was the plaintiff by the gentle touching designed only to warn, not to wound. Hence we cannot say that the jury erred in finding that there was not that kind of *intentional* touching amounting to a technical battery.

Even were the jury in error in its momentous conclusion, which we do not concede, the plaintiff's urgence that the trial court was off center in its instruction to the jury, which we need not repeat here, is without merit. Such error, at best a highly debatable one, was not urged at the trial but for the first time on appeal. Our rules say,[2] and repeatedly we have said that such exception must be asserted and made a matter of record at the trial level, failing which it is not reviewable on appeal except where unusual and compelling circumstances exist calling for correction by the exercise of sound discretion.[3] Such circumstances are not apparent here.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

---

1. Tuberville v. Savage, 1 Mod.Rep. 3, 86 Eng.Rep. 684 (1969).
2. Rule 51, Utah Rules of Civil Procedure.
3. McCall v. Kentrick, 2 Utah 2d 364, 274 P.2d 962 (1954) ; Devine v. Cook, 3 Utah 2d 134, 279 P.2d 1073 (1955).