480 P.2d 462

Ross TELFORD, dba Telford Construction
Co., Plaintiff and Respondent,

v.

NEWELL J. OLSEN AND SONS CON-
STRUCTION COMPANY, a corpora-
tion, Defendant and Appellant.

No. 12119.

Supreme Court of Utah.

Feb. 3, 1971.

Dale M. Dorius, Brigham City, for de-
fendant and appellant.

B. H. Harris, of Preston, Harris, Har-
ris & Preston, Logan, for plaintiff and
respondent.

HENRIOD, Justice.

Appeal from a judgment entered on a
jury verdict in favor of Telford, appellant's
subcontractor on an irrigation project. Af-
firmed with costs to Telford.

The record is rather voluminous and in
major part, quite conflicting. By and
large the appellant refers to the evidence
that favors its contention, but the record
reflects evidence of a substantial, compe-
tent nature supportive of the jury's con-
clusions,—which prompts our affirmance
under familiar principles of review. We
think no useful purpose would be served
in abstracting that evidence, except per-
haps some portions that seem most provoca-
tive.

The contract began with certain specifi-
cations concerning earth removal at certain
points and levels, and the rate of compen-
sation for removal. There also was a sub-
stantial item about which the parties had
their differences, having to do with clean-
ing-up operations and responsibility there-
for. It is quite apparent from the record

that those matters were provoked by changes in plans requiring adjustments. We are satisfied that based on the facts the jury was not unreasonable or capricious in pronouncing the verdict.

■ Appellant assigns nine points in its brief as bases for a new trial because of error. Points 1, 2, 3 and 7 have to do with instructions that appellant urges should have been given. No exception was taken at the trial because of any refusal or failure to so instruct. Rule 51 of our Utah Rules of Civil Procedure, seems dispositive here which requires an objection at the trial level, without which an assignment of error ordinarily is not permissible.[1]

■ Points 4, 5 and 6 having to do with claims that damages awarded for a certain agreed-to bonus payment, for additional earthwork, and work interference, were not supported by the evidence, seem to be without merit, since the record reveals evidence, which if believed by the jury, did support the verdict.

The last two points on appeal have to do with a) damages for appellant's delaying the work and b) certain aspects of a general verdict. In view of what we have said above, the latter becomes inapropos and the former is not well taken since it is based on the assumption that appellant had not breached its contract, whereas there was evidence to support the contention of respondent to the effect that appellant impeded the work by some construction of its own, and thus departed from the terms of its contract.

CALLISTER, C. J., and ELLETT, TUCKETT and CROCKETT, JJ., concur.

---

1. McCall v. Kendrick, 2 Utah 2d 364, 274 P.2d 962 (1954).