**Dorothy BLACK, Plaintiff and Appellant,**

v.

**Robert L. McKNIGHT, Defendant and Respondent.**

No. 14724.

Supreme Court of Utah.

March 29, 1977.

Donn E. Cassity and Roger T. Sharp of Romney, Nelson & Cassity, Salt Lake City, for plaintiff and appellant.

L. E. Midgley, Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

The appellant was involved in an automobile accident with the respondent about 12:30 a. m. on March 5, 1970. She sued for damages contending that the respondent struck her car in the rear. However, the facts, although in some dispute, tend to show that appellant suddenly swerved over into defendant's lane of traffic without signaling her intention to do so or without checking her outside mirror. Therefore, the jury denied her claim.

She now brings this appeal contending that the trial court's refusal to submit two of her proposed instructions to the jury constituted prejudicial error.

There are two reasons why appellant cannot prevail on this appeal: In the first instance, appellant failed to make timely objections to the trial court's jury instruc-

tions. The Rules of Civil Procedure clearly provide that any objections to jury instructions must be made *before* the jury retires to consider its verdict; and no party may assign as error the giving or failure to give an instruction unless they object thereto.[1] The record shows the instructions were given by the court on June 4, 1976. Appellant made her objections known June 18, 1976.

It is the duty of the trial court to cover the theories and points of law of both parties in its instructions, provided there is competent evidence to support them.[2] However, in determining whether or not the court adequately discharged this duty and fairly presented the issues to the jury, the instructions must be considered as a whole.[3] Furthermore, the trial court may properly refuse to give requested instructions where it does not accurately reflect the law governing the factual situation of the case. In this case, the appellant requested instructions in the language of the statute regarding driving too fast for existing circumstances (41–6–46, U.C.A.1953) and following too closely behind another automobile (41–6–62(a), U.C.A.1953). The court told the jury that no person should drive at a rate of speed greater than was reasonable and prudent under the conditions then and there existing but did not give the other part of the section which provided:

> In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway . . . .. [41–6–46(1), U.C.A.1953]

There was no evidence to show that the respondent was following the appellant. The evidence was to the effect that the two cars were in different lanes with respondent intending to pass appellant. The jury well could find that the cause of collision was the sudden changing of lanes by appel-

lant. The appellant claims that the change of lanes was made necessary by the presence of two horses upon the traveled portion of the highway. This claim was disputed by the respondent and by the highway patrolman who witnessed the accident.

The court further instructed the jury that it was respondent's duty to keep a proper lookout and to keep his car under reasonably safe control.

The jury ruled against the appellant and where there is substantial evidence to support the verdict, our duty is to affirm it.[4]

After reviewing the total record, we find that the jury instructions were properly given in the light of the facts presented, and it was not prejudicial error for the court to omit two of appellant's proposed instructions.

The judgment is affirmed with costs to respondent.

CROCKETT, MAUGHAN and WILKINS, JJ., concur.

HALL, J., concurs in the result.

---

1. Rule 51, Utah Rules of Civil Procedure.

2. *People v. Cummings,* 141 Cal.App.2d 193, 296 P.2d 610 (1956).

3. *Startin v. Madsen,* 120 Utah 631, 237 P.2d 834 (1951); *Brunson v. Strong,* 17 Utah 2d 364, 412 P.2d 451 (1966); *Taylor v. Johnson,* 18 Utah 2d 16, 414 P.2d 575 (1966).

4. *De Vas v. Noble,* 13 Utah 2d 133, 369 P.2d 290 (1962).