Trent K. JENSEN, Individually and as Administrator for the Estate of Marlene S. Jensen, Plaintiff and Appellant,

v.

Charles A. EAKINS, Jr., Defendant and Respondent.

No. 14972.

Supreme Court of Utah.

Jan. 20, 1978.

D. Clayton Fairbourn, Salt Lake City, for plaintiff and appellant.

P. Keith Nelson, Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

The plaintiff in this case appeals from a judgment in his favor because he claims the jury awarded him an inadequate amount of damages. There is no issue raised as to the liability of the respondent.

The plaintiff, a nineteen year-old college student, was injured and his wife was killed in an automobile collision with defendant's car. The jury awarded damages as follows:

```
(a) To appellant for his own damages:
      Medical Expenses  . . . . . . . .  $ 4,239.63
      General Damages   . . . . . . . .    3,961.40
      TOTAL: . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 8,201.03
    To appellant for loss of his wife:
      Funeral & burial expenses . .  $ 1,617.31
      General Damages   . . . . . . . .   15,000.00
      TOTAL: . . . . . . . . . . . . . . . . . . . . . . . . . . . $16,617.31
    TOTAL DAMAGES AWARDED: . . . . . . . $24,818.34
```

The appellant claims the court erred in refusing to give a requested instruction to the effect that "the mere right to receive support may have a pecuniary value and thus be the basis of assessing damages against one who can be held legally responsible for the death of the person from whom the support was due."

The instructions given by the court, when considered as a whole, permitted counsel for appellant to urge this point to the jury. Even if the instruction should have been given, the appellant cannot complain of the failure to give it for the reason that he did not except to the court's failure

to give that particular instruction.[1] Rule 51, Utah Rules of Civil Procedure provides:

> . . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto. . .

The appellant claims that he was not afforded an opportunity to take exceptions to the instruction until after the jury had retired. The rule provides that where the instructions are written, all objections thereto must be made *before* the jury retires. This rule does not work very well because it delays the jury while the exceptions are being taken. Generally, the parties to a jury case stipulate to the taking of their exceptions after the jury retires.

The appellant contends that he should be excused from his failure to take the exceptions because the court did not note on his request that it was not given. Rule 51 of the Utah Rules of Civil Procedure provides that the court shall inform counsel of its proposed action upon the requested instructions prior to instructing the jury. The trial judge did that as is shown by the record:

> THE COURT: May the record show that copies of the Courts instructions to the jury were furnished to Counsel prior to the time they were read to the jury by the Court?
>
> MR. FAIRBOURN: It may, your Honor.
>
> MR. NELSON: Yes, your Honor.
>
> THE COURT: And that the Court dis [sic] review the proposed instructions with Counsel prior to the time they were submitted to the jury and prepaired [sic]?
>
> MR. FAIRBOURN: It may, your Honor.

■ The award of damages may be less than the plaintiff wished or even less than we would have found had we been the jury; but it is the prerogative of the jury to make the determination of damages and we cannot substitute our judgment for that of the fact finder unless the evidence compels a finding that reasonable men and women would, of necessity, come to a different conclusion.[2] The evidence in this case was not such as would indicate that the jury was actuated by any improper motive, prejudice, or bias in arriving at its verdict. The plaintiff had a fair trial and that is all he is entitled to. The judgment is affirmed. Costs on appeal are awarded to the respondent.

CROCKETT and HALL, JJ., concur.

WILKINS, Justice (concurring in result with comments).

Concerning plaintiff's claim that he was not afforded an opportunity to make objections to the instruction until after the jury had retired, I make these comments.

Rule 51 of the Utah Rules of Civil Procedure, in relevant part, states:

> . . . If the instructions are to be given in writing, all objections thereto must be made before the instructions are given to the jury; otherwise, objections may be made to the instructions after they are given to the jury, but before the jury retires to consider its verdict . .

Plaintiff failed to make a timely objection to the court's *procedure* though he could have. His failure to do so constituted a failure, therefore, to make his objections to instructions. Thus, the relevant part of Rule 51 on this point that " . . . No party may assign as error the giving or the fail[ing] to give an instruction *unless he objects thereto* . . ." (emphasis added) is applicable and controlling in this case. And I see no persuasive reason in the record for this Court to invoke review because of exceptional circumstances. *McCall v. Kendrick,* 2 Utah 2d 364, 274 P.2d 962, 963 (1954).

MAUGHAN, J., concurs in the views expressed in the concurring opinion of WILKINS, J.

1. *Black v. McKnight,* Utah, 562 P.2d 621 (1977).

2. *DeVas v. Noble,* 13 Utah 2d 133, 369 P.2d 290 (1962).