SNYDERVILLE TRANSPORTATION CO., INC., a Utah Corporation, Plaintiff and Appellant,

v.

Arthur CHRISTIANSEN, Nordic Valley Corporation, a Utah Corporation, and Silver Bell Corporation, Defendants and Respondents.

No. 16299.

Supreme Court of Utah.

March 6, 1980.

---

940

C. Keith Rooker and Robert J. Grow of Martineau & Maak, Salt Lake City, for plaintiff and appellant.

LaVar E. Stark, Ogden, for defendants and respondents.

HALL, Justice:

Plaintiff Snyderville Transportation Co. takes this appeal from a directed verdict dismissing its cause of action against defendant Christiansen, and from a jury verdict holding defendant Nordic Valley Corporation in breach of a sales contract, but awarding only nominal damages.

On August 17, 1976, Mr. Jack Roberts, president of plaintiff corporation, met with Christiansen at the Nordic Valley ski resort, located in Weber County, Utah, to discuss the purchase of a chair lift then operating at Nordic Valley, with an eye to its transport to Park West ski resort, owned and operated by plaintiff. Although no written agreement was drafted at that time or since, the parties agree that the lift was to be delivered, free and clear of all encumbrances, together with miscellaneous other items of ski resort equipment, for a price of $60,000. Christiansen also promised to cut roadways to the supporting towers of the lift in order to facilitate its removal.

Roberts was unable to tender the entire purchase price at this meeting. Rather, he conveyed, and Christiansen accepted, a personal check for $5,000 as a "good faith deposit," the balance to be payable at a later date.[1] The check was to Christiansen personally, with no mention of Nordic Valley Corporation.

Thereafter, Roberts checked the records in the office of the Secretary of State for possible encumbrances on the lift. This investigation revealed two liens on the chair lift: one in favor of the Hall Ski Lift Co., the manufacturer, and the other in favor of the Utah Small Business Administration. Roberts also discovered, allegedly for the first time, that Christiansen had not acted in his own behalf in entering into the agreement, but had been functioning as representative of Nordic Valley Corporation, the actual owner of the chair lift.

---

1. Testimony varies regarding the actual time of payment, ranging from one week to thirty days. As no suggestion is raised on appeal that plaintiff was itself in breach by failure to make timely payment, the point is irrelevant here.

On September 9, 1976, Roberts contacted Christiansen, informing him that the balance of the purchase price, $55,000, was at Roberts' disposition, but that a portion thereof had been paid to Hall to clear the lien held by it, and the entire remainder of the purchase price was committed to the S.B.A. for clearance of its lien. Christiansen, at this point, refused to have further dealings with plaintiff, and tendered back the $5,000 deposit paid on August 17. Christiansen also refused plaintiff's tender of the full amount of the purchase price, made some 24 hours after the September 9 telephone conversation. The following spring, defendants conveyed the chair lift to Ski Associates, Inc.

Plaintiff brought the present action, which was tried to the court sitting with a jury. At the close of the evidence, the court denied plaintiff's motion for a directed verdict, but granted Christiansen's motion for a directed verdict removing him, in his individual capacity, as a party to the action. The jury found that Nordic Valley Corporation, by refusing the purchase price of the lift, and by its subsequent conveyance thereof to a third party, had breached the agreement between the parties. Damages, however, were nominal only, being awarded in the amount of one dollar.

Plaintiff asserts two points on appeal. First, it challenges the court's grant of the motion for a directed verdict removing Christiansen as a party to the action. Second, it challenges the jury's award for damages as inadequate and contrary to the weight of the evidence. Because of the dispositive nature of this second point we will address it first.

Plaintiff's assertion that the verdict is not in accordance with the evidence amounts to an objection to the giving of the jury instruction on nominal damages. Jury Instruction No. 12 reads as follows:

Should you find the issues in favor of the plaintiff and against the defendants, and you do not find that the plaintiff has suffered any actual damages as a result of the defendants' breach of contract,

then you may award the plaintiff nominal damages of some small amount such as $1.00, as an indication that you find the issues in favor of the plaintiff, but that you do not find that it has suffered any actual damages.

Before the instructions were read to the jury, counsel met in chambers, where the following interchange occurred:

MR. STARK: [for defendants] I don't think we have any specific allegation as to the amount of damages in this case. They are not precise. The complaint doesn't contain any specific amounts for damages.

[Further discussion off the record]

MR. ROOKER: [for plaintiffs] We will object, and will take exception in due course to the giving of the instruction on nominal damages.

Thereafter, the court read its instructions to the jury and counsel each made closing arguments. The jury was given written copies of the instructions and verdict forms and retired for its deliberations. Counsel then each took exceptions to the court's instructions, which included the following by Mr. Rooker:

Next, as to Instruction No. 12, plaintiff contends that Instruction No. 12 is unduly misleading to the jury in that it suggests a verdict to the jury. The amount of one dollar referred to in Instruction No. 12 is the only dollar amount referred to in any of the instructions to the jury, and the inclusion of that specific sum, rather than simply referring to the phrase, "nominal damages," is unduly prejudicial and misleading.

The only exception plaintiff took to the instruction was the inclusion therein of a specific sum (one dollar), as being the amount to be awarded should nominal damages be found. Although the amount of damages suffered is generally left to the determination of the fact-finder,[2] one dollar is the amount usually adjudged where only

2. *Campbell v. Safeway Stores, Inc.*, 15 Utah 2d 113, 388 P.2d 409 (1964).

nominal damages are allowed.[3] In suggesting that a finding of nominal damages would only warrant recovery of some small amount such as one dollar, the trial court apparently attempted to avoid the problems which result when a finding of nominal damages is accompanied by a substantial judgment.[4]

On appeal, plaintiff seems to argue that *any* instruction on nominal damages would be improper in the face of the evidence admitted at trial. In its brief on appeal, plaintiff states that despite its "strong objection . . . the trial court instructed the jury in Instruction No. 12," and that "it ·is apparent that the jury placed undue reliance on the language of this instruction and· ignored all the evidence in the record regarding damages." By merely complaining that the court had erred in suggesting a one dollar award if nominal damages were found, plaintiff has not effectively preserved the claim now asserted on appeal, to wit, that any instruction on nominal damages was improper. Under Utah law, a party on appeal may not assign as error either the giving or failure to give an instruction unless he first proposes correct instructions, and should the court fail to give them, to then except thereto.[5] The exception should be specific enough to give the trial court notice of every error in the instruction which is complained of on appeal.[6] There was no intimation by counsel at trial that an instruction on nominal damages was contrary to the evidence; hence plaintiff cannot now successfully challenge it on appeal.

Concluding, therefore, that the instruction on nominal damages was properly given to the jury, we must decide whether the evidence could support the jury's damage award.

■ We first note that the decisions reached by a jury, acting as sole finder of fact, are to be accorded due deference by a reviewing Court.[7] Such deference must necessarily extend to a jury's conclusion regarding the damages suffered by the plaintiff.[8] Before instructing on nominal damages, the court had instructed the jury that "[i]f you find that the defendant wrongfully breached the contract and the plaintiff is entitled to damages, the measure of damages for non-delivery or repudiation by the seller is the difference between the market price at the time when the buyer learned of the breach and the contract price . . . ."[9]

■ Evidence admitted at trial going to show market price at the time of breach is scant. Plaintiff sought to establish the fair market value of the lift through the testimony of one Stewart R. Kidder, a New York resident. Kidder's testimony (by way of deposition) placed the value of the lift at $91,800, based on the current value of such a life when new, less depreciation and other pricing factors. At trial, defendants attacked the weight of such evidence, claiming that Kidder's estimate was not based on an actual examination of the lift itself, as he had never traveled to Utah to personally examine it.

The jurors were not obliged to follow abjectly Kidder's testimony, but had the

**3.** 22 Am.Jur.2d, Damages § 6.

**4.** This Court has held that a judgment for $75 is not warranted where nominal damages are found. *Gould v. Mountain States Telephone*, 6 Utah 2d 187, 309 P.2d 802 (1957).

**5.** *State v. Pierren*, Utah, 583 P.2d 69 (1978). The only exception to this rule is where unusual and compelling circumstances exist calling for correction by the exercise of sound discretion, *Morgan v. Pistone*, 25 Utah 2d 63, 475 P.2d 839 (1970). The burden of showing special circumstances which would warrant a departure from this rule rests upon the party

seeking to vary it. *McCall v. Kendrick*, 2 Utah 2d 364, 274 P.2d 962 (1954).

**6.** *Employers' Mut. Liability Ins. Co. v. Allen Oil Co.*, 123 Utah 253, 258 P.2d 445 (1953); see also *Redevelopment Agency of Salt Lake City v. Barrutia*, Utah, 526 P.2d 47 (1974).

**7.** *Moore v. Prudential Ins. Co. of America*, 26 Utah 2d 430, 491 P.2d 227 (1971).

**8.** *Williams v. Lloyd*, 16 Utah 2d 427, 403 P.2d 166 (1965).

**9.** Consistent with U.C.A., 1953, 70A–2–713.

right to evaluate for themselves his credibility and the weight of the evidence.[10] The court properly instructed the jury as follows:

> You are not bound to believe all that the witnesses have testified to, nor are you bound to believe any witness. You may believe one witness as against many or many as against one. If you believe that any witness has knowingly and wilfully testified falsely as to any material fact in the case, you may disregard his whole testimony unless he is corroborated by other credible evidence, or you may give such weight to the testimony of such witness on other points as you think it is entitled. In case there is a conflict in the testimony of the witnesses, it is your duty to reconcile such conflict so far as you can, but it is still for you to determine for yourselves where the ultimate truth of the case lies.

Specifically as to expert witnesses, the court gave the further appropriate instruction:

> The rules of evidence ordinarily do not permit the opinion of a witness to be received as evidence. An exception to this rule exists in the case of expert witnesses. A person who by education, study or experience has become an expert in any art, science or profession, and who is called as a witness, may give his opinion as to any such matter in which he is versed and which is material to the case. You should consider such expert opinion and should weigh the reasons, if any, given for it. You are not bound, however, by such an opinion. Give it the weight to which you deem it entitled, whether that be great or slight, and you may reject it, if in your judgment the reasons given for it are unsound. The qualifications of an expert witness are

one of the major factors for you to consider in determining the weight to be given his expert opinion.

The only other apparent evidence to show market value of the lift is the contract price agreed to by the parties ($60,000).[11] The jury could have logically found nominal damages if it believed that the fair market price at the time of breach was the contract price. The jury could have also found nominal damages if it believed plaintiff had failed in its basic burden of proving damages.[12] In any event, we are not convinced that the jury has acted in a capricious or arbitrary fashion.[13]

The judgment awarding nominal damages is therefore affirmed. Error, if any, in removing Christiansen as a party to the action was not prejudicial to plaintiff and therefore harmless. Costs to defendants.

CROCKETT, C. J., and WILKINS and STEWART, JJ., concur.

MAUGHAN, J., concurs in result.

---

10. *Arnold Machinery Company v. Intrusion Prepakt, Inc.*, 11 Utah 2d 246, 357 P.2d 496 (1960).

11. Although not always determinative, the price at which an article is sold in an open market transaction may be sufficient evidence to support the finding of market value. 32A C.J.S. Evidence § 1049(b).

12. The trial court instructed the jury that "[t]he plaintiff has the burden of proving each and every item of the damage it claims against the defendants by a preponderance of the evidence."

13. *Holland v. Brown*, 15 Utah 2d 422, 394 P.2d 77 (1964).