**Billie Guymon NEWSOM, Richard McKean Newsom, Stacy Newsom Klein, Teddy Maurine Newsom, and Robert Newsom, as heirs of the estate of Ted Newsom, Deceased, Plaintiffs and Appellants,**

v.

**GOLD CROSS SERVICE, INC., dba Gold Cross Ambulance and Gold Cross Ambulance Service, Defendant and Respondent.**

No. 880051–CA.

Court of Appeals of Utah.

Aug. 31, 1989.

James W. McConkie (argued), Randall Bunnell, Parker, McKeown & McConkie, Salt Lake City, for plaintiffs and appellants.

Nelson L. Hayes (argued), Lloyd A. Hardcastle, Salt Lake City, for defendant and respondent.

Before BENCH, GREENWOOD and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiffs, the heirs of decedent Ted Newsom,· appeal from a jury verdict finding that defendant was negligent but that defendant's negligence was not the proximate cause of Mr. Newsom's death. On appeal, plaintiffs claim the trial court committed reversible error in instructing the jury. We affirm.

On May 3, 1984, Mr. Newsom was at the Sugar Street Cafe in Midvale, Utah and fell down after becoming ill. Sugar Street Cafe immediately called 911 Emergency Services, who in turn called the fire department dispatcher. At 4:00 p.m., the fire dispatcher called the Gold Cross dispatcher, who paged the nearest Gold Cross ambulance four different times between 4:00 and 4:05 p.m., but received no response. At 4:10 p.m., the Midvale police dispatcher cancelled the Gold Cross ambulance because a Midvale ambulance was enroute. At about 4:17 p.m., the Midvale ambulance arrived at the cafe. Shortly thereafter, Mr. Newsom suffered cardiac arrest and died. At 4:39 p.m., the Midvale ambulance transported Mr. Newsom to Cottonwood Hospital.

Plaintiffs brought this action, alleging inter alia that defendant was negligent in failing to arrive at the cafe earlier than when the Midvale ambulance arrived, and that its negligence was the proximate cause of Mr. Newsom's death. At trial, Dr. Frank Yanowitz, M.D., a cardiologist, testified that if the Gold Cross ambulance had arrived at the Sugar Street Cafe before 4:13 p.m. with appropriate equipment, Mr. Newsom would have had a seventy to eighty percent chance of survival. On cross examination, however, after he was presented with an alternative factual hypothetical, Dr. Yanowitz testified Mr. Newsome had less than a fifty percent chance of survival. Dr. John Parry, M.D., a cardiologist, testified that in a hospital, Mr. Newsom would have had less than a five percent chance of survival. Dr. Jeff Clausen, M.D., a specialist in emergency medicine, testified that even if Mr. Newsom had received appropriate medical care, he would have only had a nine percent probability of survival.

The court's Jury Instruction # 20 stated: The plaintiffs are not entitled to recover against the defendant merely by showing, by a preponderance of the evidence, that such defendants failed to conform to the standard of care elsewhere defined in these instructions. The plaintiffs must also prove, by a preponderance of expert medical testimony, that the death of Ted

Newsom, of which the plaintiffs complain, probably would not have occurred if such defendant had conformed to the standard of care. In this connection, it is not enough for the plaintiffs to have shown that the result might have been different, or that there is a possibility that the result would have been different, had the defendant conformed to the standard of care.

In other words, unless the plaintiffs have proven, by a preponderance of the expert medical testimony, that the result probably would have been different if the defendant had conformed to the standard of care, as defined in these instructions, then the plaintiffs have not proved that any injury or loss sustained by them was proximately caused by the conduct of the defendant.

The jury was also instructed that "[t]he proximate cause of an injury is that cause which in a natural continuous sequence, produces the injury, and without which the result would not have occurred. It is the efficient cause, the one that necessarily sets in operation the factors that accomplish the injury."

The jury returned a special verdict finding that Gold Cross was negligent, but that its negligence was not a proximate cause of Mr. Newsom's death.

Plaintiffs' central claim on appeal is that jury instruction #20 precluded the jury from awarding damages where the defendant's negligence resulted in loss of less than a fifty percent chance of survival. In other words, plaintiffs' claim that the jury should have been instructed that even if Mr. Newsom had less than a fifty percent chance of recovery, damages are recoverable for that lost chance of survival. Defendant counters, claiming that lost chance of survival is a separate cause of action which was not raised in the pleadings nor requested in the proposed jury instructions and, thus, cannot now be raised on appeal. We

find that plaintiffs' failure to request instructions on this theory is dispositive and, therefore, do not reach the issue of whether lost chance of survival may be pled as a separate cause of action in Utah.[1]

■ All parties are entitled to have their theories of the case submitted to the jury in the court's instructions, provided there is competent evidence to support them. *Black v. McKnight,* 562 P.2d 621, 622 (Utah 1977); *Hillier v. Lamborn,* 740 P.2d 300, 302 (Utah Ct.App.1987). Generally, however, to assert that the trial court erred in either giving or failing to give an instruction, a party must first submit correct instructions and then, should the court fail to give them, timely except. *Snyderville Transp. Co. v. Christiansen,* 609 P.2d 939, 942 (Utah 1980). The exceptions must be specific enough to give the trial court notice of every alleged error in the instructions which are complained of on appeal. *Id.* One purpose served by requiring specific objections is to bring all claimed errors to the trial court's attention to allow it to correct any errors. *VanDyke v. Mountain Coin Machine Distribs., Inc.,* 758 P.2d 962, 964 (Utah Ct.App.1988).

Plaintiffs' proposed instructions provided:

Proposed Jury Instruction #10. [I]f after considering all of the evidence, it should appear to you just as probable that the defendant was not negligent as that he was, or that his negligence, if any, was not a proximate cause of the incident as that it was such a proximate cause, then a case has not been established against him by a preponderance of the evidence as the law requires and he cannot be held liable.

Proposed Jury Instruction #19. If you find that any of the employees of Gold Cross Ambulance, who were, acting in the scope and course of their employment, committed any negligent act or

---

1. At least one court has indicated that the lost chance of survival theory is not widely used on the basis that it "derogate[s] the well-established and valuable proximate cause considerations." *Cooper v. Sisters of Charity of Cincinnati, Inc.,* 27 Ohio St.2d 242, 272 N.E.2d 97, 103 (1971).

However, other courts have taken the opposite approach. *Waffen v. United States Dep't of Health and Human Servs.,* 799 F.2d 911, 917–18 (4th Cir.1986); *Herskovits v. Group Health Coop.,* 99 Wash.2d 609, 664 P.2d 474, 479 (1983).

acts, or negligently failed to perform some act or acts, and that such negligent behavior, if any, was the proximate cause of the death of Ted Newsom, then you must find that Defendant Gold Cross Ambulance is liable for damages, if any, sustained by the Plaintiffs.

Proposed Jury Instruction # 20. In order to find the defendant Gold Cross Ambulance liable for damages, if any, sustained by the Plaintiffs, you must find that both of the following propositions are true:

1. That Gold Cross Ambulance was "negligent" as defined in these Instructions.

2. That the "negligence" of Gold Cross Ambulance was the "proximate cause" of the death of Ted Newsom as defined in these Instructions.

Proposed Jury Instruction # 23, defining proximate cause, is essentially identical to the instruction the trial court gave defining proximate cause. The court's instruction # 9 states:

> The party upon whom the burden of proof rests must sustain it by a preponderance of the evidence. The law does not permit you to base a verdict on speculation or conjecture as to the cause of the incident in question. If the evidence does not preponderate in favor of the party making the charge of negligence, then he has failed to fulfill his burden of proof and your finding must be against that party on that issue. In other words, if after considering all of the evidence, it should appear to you just as probable that the defendant was not negligent as that he was, or that his negligence, if any, was not a proximate cause of the incident as that it was such a proximate cause, then a case has not been established against him by a preponderance of the evidence as the law requires and he cannot be held liable.

█ Plaintiff's proposed instructions state, in essence, that plaintiffs cannot recover if it appears just as probable as not that defendant was the proximate cause of Mr. Newsom's death. In comparison, the trial court instructed the jury that plain-tiffs were not entitled to recover unless they proved by a preponderance of expert medical testimony that Mr. Newsom's death would not have occurred if defendant had conformed to the standard of care contained elsewhere in the instructions. According to both the proposed instructions and the instructions given, plaintiffs could not recover if there was only a possibility that defendant was the proximate cause of Mr. Newsom's death. To the contrary, both instructions required that it be at least as probable as not that defendant was the proximate cause of the injury before damages could be recovered. However, it is clear that plaintiffs' proposed instructions did not include the theory advanced on appeal, that recovery could be had for loss of less than a fifty percent chance of survival.

Further, plaintiffs' objection to Jury Instruction # 20 was as follows:

> I'm taking exception to the Court's Instruction No. 20 based upon the case of *Brown v. Johnson*, a Utah Supreme Court case. The citation is [24 Utah 2d 388] 472 P.2d 942 [1970]. We believe that this particular case sets the proper rule for proximate cause in this case as opposed to Instruction No. 20 which we feel is not a proper statement of the law of proximate cause.

This objection did not put the court on notice that plaintiffs would complain on appeal that they should be permitted to recover damages for Mr. Newsom's lost chance of survival, even if the chance were less than fifty percent. Contrary to plaintiffs' assertion, *Brown v. Johnson*, 24 Utah 2d 388, 472 P.2d 942 (1970), does not specifically address proximate cause and, further, does not adopt the theory that one may recover damages for lost chances of survival, even if there is a less than fifty percent chance of recovery. In *Brown*, defendant alleged that the trial court erred in refusing to instruct the jury that no damages could be awarded for possible future surgery. The court stated:

> In order to recover damages for any injury or harm, the plaintiff must convince the jury by a preponderance of the

evidence that the injury has been or will be sustained. This does not mean that the chances of sustaining the harm must be over 50 percent. It means that the jury must be convinced by a preponderance of the evidence that there is a definite risk of harm, and when so convinced, the jury will evaluate that risk.

*Brown v. Johnson,* 472 P.2d at 945.

*Brown* stated that because there was evidence that fifteen percent of persons in the plaintiff's condition would definitely require future surgery, the percentage was certain and not speculative, so the jury could determine damages allocatable to that percentage. The issue of the possibility of recovery for lost chances of survival was not before the *Brown* court. Therefore, plaintiffs' objections to the court's jury instructions in this case, citing *Brown,* did not raise the issue of lost chance of survival.

Because plaintiffs failed to propose an instruction consistent with their lost chance of survival theory and because their objections to the court's jury instructions did not provide the court with notice of this issue, plaintiffs are precluded from asserting on appeal that the trial court erred in instructing the jury.

Affirmed.

BENCH and JACKSON, JJ., concur.